# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

―――――――――――

No. 99-30628

―――――――――――

MARK D. HALL,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

―――――――――――

Appeal from the United States District Court
For the Middle District of Louisiana

―――――――――――

July 12, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Mark D. Hall seeks a certificate of appealability (COA) to appeal the district court's denial

of his 28 U.S.C. § 2254 petition. Though we believe the district court erred in dismissing his petition

as untimely, we DENY COA because Hall has failed to prove that jurists of reason could find that

he has proved the substantial denial of a constitutional right. However, because the district court

erroneously imposed a filing fee under the Prison Litigation Reform Act (PLRA), we REMAND with

instructions to VACATE the PLRA order and return Hall's funds.

## I.

Hall was convicted of first degree murder in 1988 and sentenced to life in prison at hard labor without parole. His conviction was affirmed on direct appeal, and the Louisiana Supreme Court denied a supervisory writ. *See State v. Hall*, 558 So.2d 1186 (La. App.), *writ denied* 564 So.2d 318 (La. 1990). Hall filed a petition for state postconviction relief on February 13, 1993, which meandered around the state postconviction system for several years. The petition was finally denied in full on August 23, 1996, and the Louisiana Supreme Court denied review on November 22, 1996.

Hall filed his § 2254 petition in the district court on October 14, 1997. A magistrate judge recommended that Hall's petition be dismissed as untimely. The magistrate reasoned that Hall had until April 25, 1997 to file his federal petition, and the state habeas petition which was pending during all of Hall's one-year federal limitations period was not tolled during that period because "the only claim ultimately not held to be repetitive and therefore barred by article 930.4 was the petitioner's ineffective assistance of counsel claim, [which] was not raised in petitioner's federal habeas corpus application and cannot serve to toll the limitations period." The district court adopted the magistrate's recommendation, dismissing Hall's petition as untimely without addressing the merits of his claims. Hall petitioned this court for a COA.

## II.

Because his conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Hall's § 2254 petition needed to be filed within one year of AEDPA's effective date, i.e. before April 25, 1997. *See Fisher v. Johnson*, 174 F.3d 710, 712 & n.3 (5th Cir. 1999). However, that one year limitations period is tolled for any time "during

which a properly filed application for State post-conviction review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Since Hall's state habeas petition was pending until November 22, 1996, and he filed less than one year after that date, his petition was timely if his state habeas petition was "properly filed" for purposes of the tolling provision.

Under Fifth Circuit law, a state habeas petition is "properly filed" for § 2244(d)(2) purposes, regardless of whether it has merit, if it "one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas*, 184 F.3d at 469 (citations omitted). In *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000), we held that state habeas petitions submitted to Louisiana courts, even when dismissed as untimely without consideration of the merits, fell within the *Villegas* definition of "properly filed" for tolling purposes. *Id.* We noted under LA. CODE CRIM. P. art. 930.8A, "Louisiana courts will accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to untimely filing are applicable. If the untimely application does not fit within an exception, the state court will dismiss it." *Id.* at 385.

The Louisiana provision for dismissing claims as repetitive, LA. CODE CRIM. P. art. 930.4, contains the identical framework as the provision we considered in *Smith*; courts review petitions to determine whether claims are repetitive and, if so, if there is a reason for such repetition before dismissing them. Accordingly, the fact that the issues raised by Hall were ultimately determined to be repetitive and thus not subject to state habeas review is not relevant; they were "properly filed" in accordance with Louisiana law because a Louisiana state habeas court would have to review them to discern whether they actually were repetitive and thus not subject to review.

Accordingly, Hall's state habeas petition tolled the federal limitations period, making his federal petition timely under the one-year limitations period established by AEDPA.

**III.**

Hall's petition to this court claims that we should grant him a COA merely because the district court erred in its procedural ruling. However, In *Slack v. McDaniel,* –S.Ct.–, 2000 WL 478879, at *7, the Supreme Court described the role of an appellate court when a district court dismissed a habeas petition as untimely. The Court described that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 2000 WL 478879, at *7 (emphasis added). It is thus clear that to be granted a COA, Hall must show not only that reasonable jurists could find that his petition was timely, but also that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*

**IV.**

Guided by *Slack*, we cannot grant Hall a COA unless he proves that reasonable jurists could find merit in at least one of his substantive claims. We have reviewed both Hall's petition in this court and the petition he filed in the district court and, after reviewing each claim raised thoroughly, we find that Hall fails to show that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right." *Id.* Accordingly, despite the district court's procedural error, we DENY COA.

## V.

In granting Hall leave to proceed *in forma pauperis* on appeal, the magistrate judge ordered compliance with the Prison Litigation Reform Act (PLRA), assessed an initial partial filing fee, and ordered Hall to pay the balance of the filing fee in monthly installments. However, the PLRA and its requirement of filing fees do not apply to habeas proceedings. *See United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996) ("Congress specifically addressed reforms to habeas corpus review in the [AEDPA . . . but] makes no mention of changing filing fees in these proceedings."). Accordingly, we must REMAND to the district court with instructions to VACATE the PLRA order and to refund to Hall any money that he has already paid pursuant to that order.

COA DENIED; PLRA order REMANDED.