IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31064
Summary Calendar
_____

PETER MULE,

Plaintiff-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1924
--------------------
August 3, 2000
Before HIGGINBOTHAM, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Peter Mule, Louisiana prisoner # 73082, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition, pursuant to Federal Rules of Civil Procedure 41(b) and 16(f), as well as the district court's denial of his first and second postjudgment motions and the district court's order striking his third postjudgment motion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court must raise, <u>sua</u> <u>sponte</u>, the issue of its own jurisdiction, if necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). The notice of appeal filed by Mule is timely as to the district court's order striking his third postjudgment motion only, and this court thus has jurisdiction to consider only that order. <u>See</u> <u>Nelson v. Foti</u>, 707 F.2d 170, 171 (5th Cir. 1983); <u>Harcon Barge Co. v. D & G Boat Rentals, Inc.</u>, 784 F.2d 665, 667-68 (5th Cir. 1986) (en banc); Fed. R. Civ. P. 60(b); Fed. R. App. P. 4(a)(1).

Mule has demonstrated that the district court abused its discretion in ordering his third postjudgment motion stricken for the reason that the motion was meritorious. Because Mule's first and second Rule 60(b) motions should have been granted, the district court's order striking the third motion was an abuse of discretion. Mule has thus demonstrated that reasonable jurists would find it debatable whether the district court's procedural ruling was correct. <u>See</u> <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000). His petition also presents at least some facially valid constitutional claims. <u>See</u> <u>Hall v. Cain</u>, ___ F.3d ___ (5th Cir. July 12, 2000), 2000 WL 815463, at **2-3.

Accordingly, COA is GRANTED on the issue whether the district court's procedural ruling was incorrect; the order striking Mule's third postjudgment motion is VACATED; and the case is REMANDED for further proceedings in connection with Mule's § 2254 petition.

COA GRANTED; VACATED AND REMANDED.