IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30439
_____


MICHAEL MELANCON, also known
as Kevin A. Melancon

                                    Petitioner-Appellant,

                         versus

BARON KAYLO, Warden,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana

_____

August 6, 2001

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

    Kevin A. Melancon, Louisiana prisoner # 98471, appeals the
district court's dismissal of his 28 U.S.C. § 2254 petition as
time-barred.  Melancon was granted a Certificate of Appealability
("COA") as to whether his supervisory writ application to the
Louisiana Court of Appeal was "properly filed" and whether his
state post-conviction application was "pending" until February 5,
1999, thereby allowing him to toll the limitations period under 28
U.S.C. § 2244(d)(2).  Because we find that Melancon was not

entitled to tolling for a period of time that would make his § 2254 application timely, we affirm the dismissal.

I

In October 1992, a Louisiana jury convicted Melancon of possession of cocaine. The trial court sentenced him to twenty years' imprisonment because he was a four-time multiple offender. Melancon's conviction and sentence were affirmed on direct appeal. On March 11, 1994, the Louisiana Supreme Court denied Melancon's application for a supervisory writ.

On November 6, 1996,[1] Melancon filed a state habeas application contending that he was denied his Sixth Amendment right to the effective assistance of counsel. In February 1997, after the trial court failed to acknowledge his petition, Melancon filed a writ of mandamus with the Louisiana Court of Appeal urging the court to direct the Orleans Parish District Attorney to respond to his application. The Court of Appeal granted this motion in April 1997 and directed the trial court to appoint Melancon an attorney and to conduct an evidentiary hearing. On December 9, 1997, the trial court denied Melancon's habeas application on the merits.

On May 8, 1998, approximately five months after his application for a supervisory writ was rendered untimely under

---

[1]Although the Louisiana Court of Appeal noted that Melancon asserted that he filed his application on October 9, 1996, the magistrate judge found that Melancon did not file his application for post conviction relief until November 6, 1996. This disparity does not alter the outcome of the case.

2

Louisiana Court of Appeals Rule 4-3, Melancon filed an application for a supervisory writ with the Court of Appeal.  The Court of Appeal granted the writ on August 13, 1998, but denied relief.  The Court of Appeal suggested that Melancon's application was untimely, but noted that the trial court set the return date as May 8, 1998. The opinion considered the merits of the claim "because this Court ordered the evidentiary hearing in response to defendant relator's pro se writ."

On August 27, 1998, Melancon filed a timely application for rehearing from the Court of Appeal's determination, which was denied on September 30, 1998.  He then filed an application for a supervisory writ with the Louisiana Supreme Court on October 30, 1998.  The Louisiana Supreme Court denied the writ without explanation on February 5, 1999.

Melancon filed this pro se federal habeas petition on June 14, 1999, arguing again that he was denied the effective assistance of counsel.  The magistrate judge issued a report recommending dismissal of Melancon's § 2254 petition as time-barred.  The magistrate judge determined that both Melancon's May 8, 1998 application for a supervisory writ to the Louisiana Court of Appeal and his October 30, 1998 application for a supervisory writ to the Louisiana Supreme Court were untimely, and therefore that the tolling provisions in § 2244(d)(2) did not apply to these applications.  The district court, reviewing the magistrate judge's recommendations, the petitioner's objections, and the record, found

3

that the one year statute of limitations was only tolled until December 9, 1997, because the May 8, 1998 application for a supervisory writ with the Court of Appeal was not "properly filed" under the meaning of § 2244(d)(2). The district court also found that even if Melancon was entitled to tolling while his application for a supervisory writ was before the Court of Appeal, his application was time-barred because the limitations period was not tolled during the time between Melancon's applications. The district court therefore dismissed the § 2254 application.

This court granted Melancon a COA as to whether Melancon's May 8, 1998, application for a supervisory writ was properly filed with the Court of Appeals and whether Melancon's state post-conviction application was pending until February 5, 1999.

II

We review de novo the district court's denial of Melancon's habeas application on procedural grounds. See Emerson v. Johnson, 243 F.3d 931, 932 (5th Cir. 2001). The Antiterrorist and Effective Death Penalty Act ("AEDPA") established a one year statute of limitations on the filing of federal habeas applications. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

4

Melancon, whose conviction became final prior to the enactment of the AEDPA, was entitled to a one year grace period from the date of AEDPA's enactment--April 24, 1996--to file his § 2254 petition. See Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 1998). The one year period therefore began on April 24, 1996 and continued until Melancon filed his state post conviction application on November 6, 1996, encompassing 196 days of the limitations period. From that point, the limitations period was clearly tolled until December 9, 1997, when the trial court denied post conviction relief.

After the trial court denied relief, Melancon had thirty days to request review of the trial court's determination, according to Louisiana Court of Appeal Rule 4-3.[2] However, Melancon did not file his application for a supervisory writ to the Louisiana Court of Appeal until May 8, 1998. The Louisiana Court of Appeal denied

---

[2]Rule 4-3 provides
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue. Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return period. An application not filed in the appellate court within that time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application which does not contain this documentation may not be considered by the appellate court.
Louisiana Courts of Appeal Uniform Rule 4-3 (emphasis added). While the trial court set the return date as May 8, 1998, it did not extend the time for filing the application.

5

his application on the merits on August 13, 1998. His application for rehearing and his application for a supervisory writ to the Louisiana Supreme Court were then timely filed. After the Louisiana Supreme Court's denial of Melancon's application on February 5, 1999, the limitations period clearly ran until June 14, 1999, when Melancon filed his federal habeas application, adding another 129 days to the limitations period.

This pattern of events leads to two issues, both of which must be resolved in Melancon's favor to find this habeas petition timely filed. First, Melancon's untimely application for a supervisory writ to the Court of Appeal must have be considered "properly filed" under § 2244(d)(2) to merit tolling the time between May 8, 1998 and February 5, 1999. Second, Melancon's claims before the trial court must have been "pending" between the trial court's December 9, 1997 denial of relief and his May 8, 1998 application to the Court of Appeal to merit the tolling provision under § 2244(d)(2) for that time period. If the limitations period on Melancon's federal habeas application was not tolled for either of those blocks of time, Melancon's § 2254 application is untimely.

Louisiana Court of Appeal Rule 4-3 allows the Court of Appeal to consider an application that was not timely filed if there is a "showing that the delay in filing was not due to the applicant's fault." Because Rule 4-3 entitled the Court of Appeal to consider Melancon's application for a supervisory writ on the merits, and

6

the Court of Appeal did consider Melancon's application on the merits, the May 8, 1998 application was "properly filed" in state court.[3] See Emerson, 243 F.3d at 934 (finding that we defer to state courts' application of state law when determining whether something is "properly filed"); Dilworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (noting that because the petitioner's application was "'accorded some level of judicial review' by the state courts, it is considered a 'properly filed application' under section 2244(d)(2)") (citing Villegas v. Johnson, 184 F.3d 467, 470 n.2 (5th Cir. 1999)). Melancon's subsequent application for rehearing and application for a supervisory writ were both timely

---

[3]Our cases suggest that we should defer to the state court's determination that an application is "properly filed." The Tenth Circuit, however, recently held that a state court's decision to reach the merits of a case does not answer the question of whether the application was "properly filed." Gibson v. Klinger, 232 F.3d 799, 806 (10th Cir. 2000) ("Having adopted an approach that does not consider state court decisions that petitions are procedurally barred, we will not adopt a contrary approach when state courts decide to reach the merits of petitions."). While we follow the Tenth Circuit in looking only to state procedural filing requirements in determining whether something is "properly filed" and not to whether a state court ultimately determined the application to be procedurally barred, our concerns over comity and exhaustion of state remedies cut the other way when a state court determines that something is not procedurally barred. Federal courts should not undermine a state's decision to hear the merits of a petition by refusing to toll the period of limitations under § 2244(d)(1) while the petition is pending. See Villegas v. Johnson, 184 F.3d 467, 471 (5th Cir. 1999)("we find it unlikely that Congress intended its tolling provision to result in indifference to, or even interference with, a given state's handling of petitions for post-conviction relief.").

filed;[4] thus, these applications also tolled the limitations period.

The main issue on appeal, then, is the question of when the state habeas application was considered to be "pending" under § 2244(d)(2). The district court only tolled the limitations period for periods of time in which an application was actually before the Louisiana court; it allowed the limitations period to run during the time between the date of one state court's decisions and the petitioner's filing of a further appeal. However, if Melancon's application was "pending" during the time between the trial court's denial in December, 1997, and Melancon's application for a supervisory writ to the Court of Appeal in May, 1998, his § 2254 application was properly filed.

As a starting point for our analysis, we must consider whether the time period for a federal habeas application is tolled during the intervals between the state court's denial of post-conviction relief and the timely appeal from that denial. This determination affects the total number of days tolled between the Court of Appeal's denial of the writ and the Supreme Court's denial of the application for a supervisory writ. Every circuit that has

---

[4]Respondent contends that Melancon did not file his application for a supervisory writ to the Louisiana Supreme Court within thirty days of the Court of Appeal's August 13, 1998 denial of relief. See Supreme Court Rule X, § 5(a). Melancon, however, filed a timely motion for rehearing, which was not denied until September 30, 1998. Thus, Melancon's application to the Supreme Court on October 30, 1998, was timely because it was filed thirty days after the petition for rehearing was denied. Id.

addressed the issue has found that a state application is "pending" during the intervals between the state court's disposition of a state habeas petition and the petitioner's timely filing of a petition for review at the next level.  See Bennett v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999); Swartz v. Myers, 204 F.3d 417 (3d Cir. 2000); Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999); Peterson v. Gammon, 200 F.3d 1202 (8th Cir. 2000); Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999); Gibson v. Klinger, 232 F.3d 799, 803 (10th Cir. 2000).  These cases note that finding that state applications are "pending" after a disposition but before the timely filed appeal is a logical construction of the statute. Including the time period before an appeal is timely filed from the lower court's judgment as time when an application is "pending" is consistent with the concept of state exhaustion of remedies: If the time between a disposition but before a timely filed appeal is not tolled, a habeas petitioner is likely to file a protective federal petition before he has fully exercised all state appeals if there is a possibility that the right to federal habeas might be extinguished.  We find this reasoning persuasive, and therefore hold that § 2244(d)(2) tolls the entire period allotted for timely state appellate review.  Melancon's § 2254 petition was therefore tolled from May 8, 1998, to February 5, 1999, while his properly filed state habeas applications were "pending."

Although Melancon's May 8, 1998, application was properly filed, and his state applications were pending until February 5,

9

1998, Melancon's § 2254 application is not necessarily timely. Melancon also requires tolling of the six months that passed between the trial court's disposition of the case and Melancon's May 8, 1998 application to the Court of Appeal. That time period includes five months after Melancon was no longer entitled to an appeal under Rule 4-3.

Although we have not addressed what effect the finding that an untimely application was "properly filed" would have on determining whether the application was "pending" during the period prior to filing, the Seventh and the Tenth Circuits have both found that an application ceases to be "pending" after the statutory period to appeal expired and that tolling can begin again when an application is properly filed. See Fernandez v. Sternes, 227 F.3d 977 (7th Cir. 2000); Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000). But see Saffold v. Newland, 227 F.3d 1087 (9th Cir. 2000) (holding that all time from the commencement of the collateral attack is excluded under § 2244(d)(2)). In holding that a petitioner's application was not "pending" until the petitioner actually sought his appeal, the Tenth Circuit reasoned that a petitioner who is not actually in the legitimate process of appealing is not "attempting to exhaust state court remedies" and therefore is not entitled to the tolling provision. Gibson, 232 F.3d at 806-07. The Seventh Circuit noted that allowing tolling under § 2244(d)(2) "after the time for further review has expired without further action to continue the litigation . . . would sap the federal statute of limitations of

much of its effect." Fernandez, 227 F.3d at 980. Both circuits expressed concern over the potential for indefinite tolling.

We recently held that a petitioner's "application seeking post-conviction relief in the Louisiana trial court ceased to be 'pending' within the meaning of section 2244(d)(2) when he failed timely to file an application for a supervisory writ with the Louisiana Supreme Court." Williams, 217 F.3d at 309. We reasoned, based on definitions of "pending" articulated in other circuits, that a case was no longer pending when further appellate review was unavailable. Id. at 310. While this holding was expressly limited to situations in which a state court failed to consider the merits of the untimely application, Id. at 311 n.8., it applies equally to situations in which a state court did consider the merits of an untimely application. At the point when the state limitations period expired, a petitioner is not entitled to further appellate review and, therefore, he has no application "pending" in state court. A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. Thus, after the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. This finding is consistent with Congress's intent to encourage exhaustion of state remedies without allowing petitioners to indefinitely toll the limitations

period.

Applying this reasoning, Melancon no longer had an application "pending" in state court when he failed to file an application for a supervisory writ with the Court of Appeal and failed to obtain an extension. The "properly filed" May 8, 1998 application to the Court of Appeal did not alter that fact; determining that the application was "properly filed" simply tolled all subsequent proceedings relating to that application. Melancon's federal habeas petition was therefore not tolled until May 8, 1998, because his application for a supervisory writ with the Court of Appeal was approximately five months later than provided for in Rule 4-3. Because the time in which the limitations period was running exceeded 365 days, Melancon's federal habeas claim is time-barred.

## III

Melancon argues that his application for a supervisory writ to the Court of Appeals was not timely because the Louisiana trial court incorrectly set the return date on the application. Generally, "when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1)." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Although the parties in this case did not explicitly raise the issue of equitable tolling, Melancon's pro se application for habeas relief is

12

entitled to liberal construction. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Melancon's argument that he should not be punished for the trial court's improper setting of the return date on his application can therefore be treated as a request for equitable tolling. Coleman, 184 F.3d at 402 (construing the pro se petitioner's argument that the "mailbox rule" should apply to his state habeas application as a request for equitable relief).

The one year limitations period in § 2244(d)(1) is not a jurisdictional bar and can be equitably tolled in exceptional circumstances. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The district court's error in setting the return date of the application might warrant equitable tolling. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). Melancon seems to have filed his untimely application for a supervisory writ in accordance with the return date of May 8, 1998, set by the Louisiana trial court.

Nonetheless, Melancon is not entitled to equitable tolling. Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000); Coleman, 184 F.3d at 403. After the Louisiana Supreme

13

Court denied Melancon's application for a supervisory writ, Melancon waited more than four months to file his federal habeas petition. Because Melancon did not expediently file his federal habeas petition, this circumstance is not extraordinary enough to qualify for equitable tolling under § 2244(d)(1).

## IV

For the foregoing reasons, we AFFIRM the district court's dismissal of Melancon's § 2254 application as time-barred.

A F F I R M E D.

14

CARL E. STEWART, Circuit Judge, concurring in part, dissenting in part:

I respectfully dissent from the majority's determination that Melancon's claims before the state trial court were no longer pending in state court when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal or to obtain an extension. I concur in all other aspects of the majority opinion.

Because Melancon did not file his application until May 8, 1998, the issues to be resolved in this case, as stated by the majority, are: (1) whether Melancon's application for a supervisory writ to the Louisiana Court of Appeal was "properly filed" under 28 U.S.C. § 2244(d)(2) to warrant tolling the time between May 8, 1998, and February 5, 1999, the date on which the Louisiana Supreme Court denied his application for a supervisory writ and (2) whether Melancon's claims before the trial court were "pending" between the trial court's December 9, 1997, denial of relief and his May 8, 1998, application to the Louisiana Court of Appeal to warrant tolling under § 2244(d)(2).

Regarding the first issue, the majority readily finds that because Louisiana Court of Appeal Rule 4-3 allows a court of appeal to consider an application for a supervisory writ that was not timely filed and the Louisiana Court of Appeal did so in Melancon's case, his application was "properly filed" in state court. Thus,

15

the majority considers the main issue to be when his state habeas application was considered "pending" under § 2244(d)(2).

Consistent with other circuits that have considered the issue, the majority holds that a state habeas application is "pending" during the intervals between the state court's disposition of a state habeas petition and the petitioner's timely filing of a petition for review at the next level. Thus, it finds that the limitations period for Melancon to file his § 2254 petition was tolled from May 8, 1998, (since that state filing is considered "properly filed") to February 5, 1999, while the properly filed habeas applications were pending.

The majority notes, however, that Melancon's federal habeas petition requires tolling the time that lapsed between the trial court's disposition of the case on December 9, 1997, and Melancon's May 8, 1998, application to the court of appeal. It observes that this Court recently held in Williams v. Cain, 217 F.3d 303, 309-11(5th Cir. 2000), based on the definitions of "pending" articulated in other circuits, that a case was no longer pending when further appellate review was unavailable. However, it points out that Williams's holding was expressly limited to situations in which a state court failed to consider the merits of the untimely application. The majority then extends Williams's holding to situations in which the state court considered the merits of an untimely application. Applying this rule, the majority finds that

16

Melancon's habeas application was no longer pending in state court when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal or to obtain an extension. It asserts that this rule is "consistent with Congress's intent to encourage exhaustion of state remedies without allowing petitioners to indefinitely toll the limitations period."

While the majority's conclusion that Melancon's claims before the trial court were no longer pending when he failed to file timely for a supervisory writ with the Louisiana Court of Appeal is not without some jurisprudential support, I am persuaded by a recent decision by the Ninth Circuit. In Saffold v. Newland, 250 F.3d 1262, 1266-67 (9th Cir. 2001), amending Saffold v. Newland, 224 F.3d 1087 (9th Cir. 2000), the court determined that where the California Supreme Court considered the merits of a petition for a writ of habeas corpus, even though it was submitted four and one-half months after the court of appeal denied relief, the petitioner was entitled to tolling of the time between the court of appeal's denial and the California Supreme Court's rejection of the petitioner's claims. The court tolled the intervening time even though the California Supreme Court had applied the untimeliness bar as an alternative ground for denying relief. Saffold, 250 F.3d at 1266-67. The court found it significant that the California Supreme Court had considered the petition "on the merits." Id. The court stated that "[t]he whole purpose of the tolling

17

requirement is to permit state courts to address the merits of the petitioner's claim" and that "[t]olling AEDPA's statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems." Id. at 1267 (internal quotations omitted) (alteration in original). Furthermore, the court declined "to adopt a rule that would require [a habeas petitioner] to have filed his federal petition before the California Supreme Court ruled on the merits of his claim." Id. Thus, the court concluded that the petitioner was entitled "to exclude from the calculation of the one-year limitation the entire period from the filing of his first state habeas petition in Superior Court until the denial of his habeas petition by the California Supreme Court." Id. at 1268.

In the instant case, the majority correctly notes that Congress did not intend to permit petitioners to toll the limitations period for filing habeas petitions indefinitely. However, Congress clearly intended to allow tolling while a properly filed habeas petition is pending before a state court. The tolling provision in § 2244(d)(2) inherently defers to state rules and procedures, particularly those pertaining to the timeliness of a writ application. If a state permits an exception to a filing deadline, then it follows that for § 2244(d)(2) tolling purposes, federal courts should as well. In my view, once a state court decides to consider the merits of an untimely petition, that

18

petition should be "purged" of all effects, including those arising in federal court, resulting from its former untimely status.  As with the California Supreme Court's review of the habeas petition on the merits in Saffold, the Louisiana Court of Appeal's decision to review Melancon's habeas application on the merits should render the untimeliness of the application inconsequential for § 2244(d)(2) tolling purposes.  See Romero v. Roe, 130 F.Supp.2d 1148, 1150 (C.D. Cal. 2001) ("The key question, [for § 2244(d)(2) tolling purposes] is whether a particular petition was resolved on the merits by the state court, not on the particular length of time between the disposition of the earlier petition and the filing of the next.").

Because I would hold that Melancon is entitled to tolling of the time that lapsed between the trial court's disposition of his case on December 9, 1997, and Melancon's May 8, 1998, habeas application to the court of appeal, I respectfully dissent.

19