IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30022
Summary Calendar

_____

WENDELL V. GRAY,

Petitioner-Appellant,

versus

JAMES M. LEBLANC, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1331-J
--------------------
November 21, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wendell V. Gray, Louisiana prisoner # 300228, was granted a certificate of appealability (COA) on the issue whether the district court erred in dismissing his 28 U.S.C. § 2254 petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Gray argues that the limitations period should be equitably tolled during the time that he diligently sought a copy of the transcript of the postconviction evidentiary hearing which was allegedly necessary to enable him to file a writ application to the Louisiana court of appeal. Gray has not shown that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transcript of the postconviction evidentiary hearing was necessary to enable him to file a writ application to the Louisiana court of appeal. The limitations period was tolled from the time that Gray filed his state habeas application on October 24, 1997, to the date that the state trial court denied the application on September 4, 1998. See § 2244(d)(2). Prior to October 24, 1997, 203 days of the one-year limitations period had elapsed. The limitations period was not tolled from September 4, 1998, to March 19, 1999, during the period in which Gray did not have a writ application to the court of appeal pending. See Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001). Gray's motion to correct an illegal sentence filed on February 11, 1999, did not toll the limitations period under § 2244(d)(2). During this period, 195 days of the limitations period elapsed. Because Rule 4-3 of the Louisiana Uniform Rules of the Courts of Appeal allowed the court of appeal to consider Gray's untimely writ application and the court of appeal did consider Gray's writ application on the merits, Gray's writ application to the Louisiana court of appeal was properly filed. See id. at 405. However, as of March 19, 1999, the time in which the limitations period was running exceeded 365 days. Therefore, Gray's federal habeas petition was barred by the one-year statute of limitations. Further, Gray is not entitled to equitable tolling because he waited approximately six months from the state trial court's denial of his habeas application to file a writ application to the Louisiana court of appeal and because he waited an additional two months from the Louisiana Supreme

Court's denial of his writ application to file his federal habeas petition.  See Melancon, 259 F.3d at 407-08; Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000).

AFFIRMED.