IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30120
Summary Calendar
_____


ANTHONY JOHNSON,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1097-B
---------------------
December 4, 2001
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Anthony Johnson, Louisiana prisoner # 113118, appeals from the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1986 murder conviction as time-barred. State prisoners whose judgments became final prior to the April 24, 1996, enactment date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), are afforded a one-year grace period to file a timely 28 U.S.C. § 2254 petition. See Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). Johnson argues that a claim of actual innocence equitably tolls the AEDPA's limitation

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

period, however, and that he has made a showing of actual innocence. We conclude that Johnson is not entitled to equitable tolling.

Johnson's two state habeas applications were denied in 1991 and 1992. He avers that he did not obtain copies of the district attorney's files showing that the prosecutor withheld exculpatory information until 1994. However, Johnson did not file his 28 U.S.C. § 2254 petition until March 24, 1998, four years after receiving this information and eleven months after the AEDPA's grace period lapsed. "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); see Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). We conclude that Johnson did not diligently pursue relief under 28 U.S.C. § 2254, and he is not entitled to equitable tolling.

Johnson argues that for the AEDPA's tolling purposes his petition "relates back" to an earlier petition filed in 1987, which was dismissed without prejudice, and that failure to review his petition would violate the Suspension Clause. These issues were not included in this court's grant of a certificate of appealability, and we do not consider them.

AFFIRMED.