IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11378
Summary Calendar
_____


JAMES A. ROUGHLEY,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2654-L
--------------------
July 12, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        James A. Roughley, Texas prisoner # 743499, appeals from the denial of his 28 U.S.C. § 2254 petition.  The district court granted a certificate of appealability (COA) on the issue whether equitable tolling applies in Roughley's case.  Roughley argues that the limitations period should be tolled for the 23 days between which the Texas Court of Criminal Appeals denied his state

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application for postconviction relief and he received notice thereof, because he was in transit between prison units during that period and the notification had to be forwarded to him.

Roughley has not demonstrated that his case presents "exceptional circumstances" which would warrant application of the equitable-tolling doctrine. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). Roughley had an additional three months following his notification of the denial of his state application in which to effectuate a timely federal filing. Cf. Phillips v. Donelley, 216 F.3d 508, 511 (5th Cir. 2000). Moreover, his request for state court records is insufficient to establish that he proceeded with due diligence in pursuing his federal claims, because the similarity in the claims raised in his state and federal petitions precludes a finding that the lack of state court records prevented him in some extraordinary way from asserting his right to file a federal petition. He has therefore not established an abuse of discretion on the part of the district court. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (applying abuse-of-discretion standard).

Roughley has additionally briefed the following issues on which COA was not granted: (1) whether he was entitled to have "material" documents free of cost; (2) whether the convicting court obstructed justice when it prevented him from successfully proceeding in state and federal habeas court by repeatedly withholding the requested "material" documents; and (3) whether a

state created impediment prevented him from discovering the factual predicate of his claims when he requested, but was unable to obtain, "material" documents from the state court. He has not, however, expressly sought to expand the district court's COA grant to include these issues; therefore, they are not considered. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998) (party must expressly seek a COA on additional issues not certified the by the district court).

Given that Roughley's appeal does not raise an argument entitling him to relief, his motion for oral argument is denied.

AFFIRMED; motion for oral argument DENIED.