IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30924
Summary Calendar
_____

ALLEN WAYNE GIBBS,

Petitioner-Appellant,

versus

WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-309
--------------------
January 31, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Allen Wayne Gibbs, Louisiana prisoner #394497, seeks a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 habeas corpus application as time-barred pursuant to 28 U.S.C. § 2244(d). Gibbs's habeas application challenges his state-court conviction of aggravated rape.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a showing "that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies 28 U.S.C. § 2254 relief on procedural grounds without reaching the merits of the § 2254 application, this court should grant a COA only if the COA movant makes the showing set out above and shows that jurists of reason would find it debatable whether the district court's procedural ruling was correct. *Id*.

Gibbs argues that only 356 days of the 365-day limitation period of 28 U.S.C. § 2244(d)(1) expired before he filed his federal habeas application. Gibbs's conviction became final on December 28, 1999, 90 days after the Supreme Court of Louisiana denied his writ application on direct appeal. *See Daniel v. Cockrell*, 283 F.3d 697, 705 (5th Cir.), *cert. denied*, 123 S. Ct. 286 (2002). The one-year limitations period was tolled by Gibbs's August 28, 2000, application for state postconviction relief, 28 U.S.C. § 2244(d)(2), and it may have remained tolled until the Supreme Court of Louisiana denied Gibbs's writ application on October 26, 2001. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). If that was the case, then 356 countable days elapsed between the date on which Gibbs's conviction became final and the date on which he served his federal habeas corpus application.

However, it is unclear from the current record whether Gibbs's state-court writ applications were timely filed and

whether any periods not excused from the one-year limitations period due to untimely filings in state court rendered the federal habeas application untimely. On remand, the district court should examine the state-court record and determine whether Gibbs's state-court writ applications were timely. *See* LA. CT. APP. UNIF. R. 4-2, 4-3; LA. S. CT. R. X § 5(a); *see also Barnard v. Barnard*, 675 So. 2d 734, 734 (La. 1996). We note that Gibbs does not himself allege that the state trial court reduced to writing any order setting a return date for the filing of Gibbs's writ application in the Louisiana Court of Appeal, an act that might have rendered the filing of that writ application timely, thus tolling the federal limitations period. *See Melancon*, 259 F.3d at 407. It is out of an abundance of caution that we grant a COA and remand the case for further consideration.

Pursuant to *Hall v. Cain*, 216 F.3d 518 (5th Cir. 2000), we have reviewed Gibbs's underlying constitutional claims to determine whether he has alleged a facially valid claim of the denial of a constitutional right. Gibbs has alleged facially valid claims of denials of constitutional rights; those claims should be considered by the district court in the first instance. *Cage v. Louisiana*, 498 U.S. 39 (1990) (reasonable doubt instruction); *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984) (ineffective assistance); *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (state court evidentiary rulings);

*Johnson v. Puckett*, 929 F.2d 1067, 1071-72 (5th Cir. 1991)

(discriminatory foreman-selection process).

COA GRANTED.   VACATED AND REMANDED.