United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10230
Summary Calendar
_____

DAVID MICHAEL GORDON,

                                        Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1095
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        David Michael Gordon, Texas prisoner # 877573, appeals the

district court's dismissal of his 28 U.S.C. § 2254 habeas

petition based on the statute of limitations.  Gordon was

convicted following a guilty plea to aggravated sexual assault of

a child under fourteen years and sexual assault of a child and

was sentenced to terms of imprisonment of 45 years and 20 years.

        We previously vacated the district court's denial of relief

on the merits and remanded the case to the district court for

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further proceedings regarding Gordon's ineffective assistance of counsel claims and the district court's timeliness ruling. On remand, following an evidentiary hearing, the district court determined that the petition was time-barred, but granted a certificate of appealability (COA) on the issue whether the statute of limitations should be equitably tolled. Gordon argues that the statute of limitations should be equitably tolled because the Texas Court of Criminal Appeals failed to give him official notice when his state habeas application was denied.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (internal quotation marks omitted). Equitable tolling does not apply if the petitioner does not diligently seek habeas relief. Id.

The district court's decision not to apply equitable tolling was not an abuse of discretion. Gordon did not file his state application for over nine months, he did not provide the state court with his mailing address when he arrived at the Robertson Unit, and his federal petition was not filed until two months after he received notice that his state application was denied. Although the State's delay was a factor to consider in determining the equitable tolling issue, Gordon's ultimate failure to act with due diligence precludes the application of

equitable tolling.  <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000).  Thus, the district court did not abuse its discretion in failing to apply the doctrine of equitable tolling. <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999).

Because a ruling on the time-bar issue is dispositive of the case, further briefing is not required.  The judgment of the district court is AFFIRMED.  Gordon's motion for a COA and motion to stay the ruling on his COA motion are DENIED as unnecessary.