# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30322
Summary Calendar

JOHN BROOKS,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC 2:06-CV-2428

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner John Brooks ("Brooks") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Brooks' petition as time-barred under *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). *Salinas*, however, has been abrogated by intervening Supreme Court precedent. *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). In light of *Jimenez* we now REVERSE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

John Brooks was convicted by a jury of two counts of first-degree murder and was sentenced to death in 1991. *State v. Brooks*, 648 So. 2d. 366, 367 (La. 1995). In 1995 the Louisiana Supreme Court affirmed the conviction but reversed the imposition of the death penalty. Brooks was subsequently resentenced to life imprisonment on December 5th, 1997. Brooks had until December 12th, 1997, to appeal this sentence, but did not. On October 27, 1998, Brooks filed an out-of-time appeal challenging his conviction. The state court granted Brooks an out-of-time appeal. On April 10, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed Brooks' life sentence. The time for appealing this judgment to the Louisiana Supreme Court expired on May 10, 2002. Brooks did not appeal this judgment.

On September 19, 2002, Brooks filed a state habeas application, challenging his murder conviction. The state district court failed to rule on the habeas application, so Brooks filed a petition for a writ of mandamus from the Louisiana Fourth Circuit Court of Appeal. That court, treating the petition as a supervisory writ, denied Brooks' underlying claims. Brooks then filed a writ with the Louisiana Supreme Court, which was denied on February 3, 2006. Brooks filed the instant § 2254 petition on March 20, 2006.

The Magistrate Judge recommended that the petition be dismissed as untimely under *Salinas*. The Magistrate reasoned that Brooks' conviction became final, at the latest, on December 12th, 1997, when the time for appealing his December 5th, 1997 resentencing judgment expired. Thus under 28 U.S.C. § 2244(d)(1), absent tolling, Brooks had one year from December 12th, 1997, to file his § 2254 petition. Brooks filed his state post-conviction application on October 27, 1998, 318 days into this one-year period. The Magistrate Judge noted that Brooks had been granted an out-of-time direct appeal in connection with that application, but held that under *Salinas* the time limitation period for

the filing of a § 2254 petition did not begin again with the grant of leave to file the out-of-time appeal. The Magistrate Judge found that the limitations period was therefore tolled only until May 10, 2002, when the 30-day period for appealing the denial of the merits of Brooks' out-of-time state appeal (entered on April 10, 2002) expired. According to these calculations, the one-year limitations period for filing a § 2254 petition expired on June 26, 2002, and Brooks' motion, filed on March 30, 2006, was untimely. The district court adopted the Magistrate Judge's report and dismissed Brooks' petition as time barred. Brooks timely appealed. This Court granted a Certificate of Appealability and ordered the parties to address the applicability of *Jimenez* to Brooks' petition. The Government failed to file a response to this request, apparently conceding that Brooks' application is indeed timely.

## II. STANDARD OF REVIEW

This court reviews the district court's denial of a habeas petition on procedural grounds *de novo*. *Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008).

## III. DISCUSSION

28 U.S.C. § 2244(d)(1) restricts the time for filing a writ of habeas corpus to no longer than one year after "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under *Jimenez*, when a petitioner is granted the right to file an out-of-time appeal, the limitations period for the filing of a § 2254 petition starts anew. 129 S. Ct. at 686. The date upon which a conviction becomes final for the calculation of the § 2254 time limitation in such a situation is the "conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 686-87. In deciding *Jimenez*, the Supreme Court cited a Texas case for the proposition that "the order granting an out-of-time appeal restored the pendency of the direct appeal." 129 S. Ct. at 686. The grant of an out-of-time appeal in Louisiana is, similarly, a

"reinstatement of [the] right to appeal." *State v. Counterman*, 475 So.2d 336, 339 (La. 1985). *See also Lee v. Cain*, 129 S. Ct. 995 (2009) (vacating and remanding for consideration in light of *Jimenez* case in which district court had applied *Salinas* to § 2254 petition arising from case in which Louisiana court had granted out-of-time appeal on postconviction review).

Thus *Jimenez* applies to Brooks' petition. Brooks' conviction became "final" under § 2254(d)(1)(A) on May 10, 2002, when the 30-day period for seeking certiorari review from the Louisiana Supreme Court on the denial of the merits of his out-of-time appeal expired. Brooks therefore had until May 12, 2003 to file a timely § 2254 petition. On September 19, 2002, 131 days into this year-long period, Brooks filed his state habeas application, challenging his underlying conviction. This state habeas application tolled the limitations period until the denial of his supervisory writ by the Louisiana Fourth Circuit on March 11, 2005. Brooks filed a writ application with the Louisiana Supreme Court 11 days later, on March 23, 2005. Brooks was at that point 142 days into the one-year period. The limitations period was tolled again from March 23, 2005 until February 3, 2006, when the Louisiana Supreme Court denied the writ. At that point Brooks had 223 days left in his limitations period. He filed the instant § 2254 petition 45 days later. The petition was thus timely filed.

## IV. CONCLUSION

For the foregoing reasons we REVERSE and REMAND for further proceedings consistent with this opinion.