# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

Lyle W. Cayce
Clerk

No. 08-30140
Summary Calendar

DONALD RAY LEMONS,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-1451

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Ray Lemons, Louisiana prisoner # 432000, appeals the dismissal, as time barred, of his 28 U.S.C. § 2254 petition, which he filed to challenge his jury trial conviction of second degree murder. Lemons contends that his § 2254 petition was timely in light of *Jimenez v. Quarterman*, 129 S. Ct. 681 (2008). The respondent concedes that Lemons's petition is timely under *Jimenez*.

A one-year limitations period applies to state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

runs from the date that the conviction being challenged became final through "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  Under *Jimenez*, when a habeas petitioner is granted the right to file an out-of-time appeal, "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez*, 129 S. Ct. at 686-87.

Applying the *Jimenez* rule to the instant case, Lemons's one-year limitation period began to run on or about January 27, 2005, upon expiration of the 90-day period for seeking a writ of certiorari from the United States Supreme Court following the Louisiana Supreme Court's denial, on direct review, of his writ application.  *See* SUP. CT. R. 13.1.  On October 28, 2005, approximately 273 days into the limitation period, Lemons filed a state application for post-conviction relief, thereby tolling the limitations period until August 15, 2007, when the Louisiana Supreme Court denied Lemons's writ application.  *See* 28 U.S.C. § 2244(d)(2).  Lemons's § 2254 petition, which was filed on August 28, 2007, was timely.  In view of the foregoing, we will reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

Lemons also argues the merits of certain constitutional claims.  Because a COA was not granted as to these issues, we will not consider them in this appeal.  *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.