# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-30347
Summary Calendar

RONALD G. STEWART,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-641

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronald G. Stewart, Louisiana prisoner # 307065, appeals the dismissal of his 28 U.S.C. § 2254 application as time-barred. Stewart's application challenged his convictions for armed robbery, attempted second-degree murder, and second degree murder. He contends that his § 2254 application was timely in light of *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681 (2009), and *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A one-year limitations period applies to state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). In most cases, this limitations period runs from the date that the conviction being challenged became final through "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Stewart did not file a direct appeal; however, as a result of his initial state post-conviction relief application, he was granted permission to file an out-of-time appeal. He argues that, in light of *Jimenez,* his conviction was not final for federal limitations purposes until this out-of-time appeal was denied.

Under *Jimenez*, when a habeas petitioner is granted the right to file an out-of-time appeal, "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez*, 555 U.S. at __, 129 S. Ct. at 686-87. However, Respondent asserts that, as a result of the retroactivity rules of *Teague v. Lane*, 489 U.S. 288 (1989), *Jimenez* does not apply to Stewart's application. This assertion is incorrect. *Teague* addressed whether a rule of criminal procedure relating to a petitioner's underlying trial and conviction should be applied retroactively. *See Teague,* 489 U.S. at 299-316. In contrast, *Jimenez* involved the Supreme Court's interpretation of a federal statute, § 2244(d)(1)(A), which provides a statute of limitations for § 2254 applications. *See Jimenez,* 129 S. Ct. at 685. In addition, in several unpublished opinions, we have applied *Jimenez* to cases involving similar facts. *See Brooks v. Cain*, 354 F. App'x 870, 872 (5th Cir. 2009); *Lemons v. Cain*, 373 F. App'x 487, 488 (5th Cir. 2010). Because Stewart's conviction was not "final" until after the disposition of his out-of-time appeal, the one-year limitations period did not begin to run until September 22, 2005, upon expiration of the 90-day period for seeking a writ of certiorari from the United States Supreme Court.

No. 10-30347

Stewart also argues that the district court erred in finding that his untimely appeal of his second post-conviction relief application was not "properly filed" and, thus, that it did not toll the federal limitations period. *See* § 2244(d)(2). Relying on *Melancon v. Kaylo,* 259 F.3d 401 (5th Cir. 2001), Stewart asserts that, because an exception to the time limit allowed the state appellate court to consider his writ application, and because the state court did consider his writ application on its merits, the writ application was "properly filed" and tolled the limitations period. *See also* LA. UNIF. CT. APP. R. 4-3.

In *Melancon*, we determined that an untimely writ application was nevertheless "properly filed" for § 2244(d)(2) purposes because an exception to the time limit allowed the state court to consider the writ application on the merits, and the court did consider it on the merits. *Melancon,* 259 F.3d at 405; *accord Grillette v. Warden,* 372 F.3d 765, 770 n.5 (5th Cir. 2004). In the instant case, the state appellate court did not clearly indicate that it had considered the writ application on its merits; however, we have held that opinions from Louisiana appellate courts "routinely and unmistakably indicate" when a writ application has been denied as untimely. *See Grillette,* 372 F.3d at 775. Therefore, in light of *Melancon,* Stewart's writ application was "properly filed" and tolled the federal limitations period. *See Melancon,* 259 F.3d at 405.

Accordingly, Stewart's conviction was final and the federal limitations period began to run on September 22, 2005. Stewart's second post-conviction relief application, filed on August 11, 2005, tolled the federal limitations period until January 27, 2006, when he failed to file a timely writ application. Three days of the federal limitations period ran until January 30, 2006, when his writ application was filed with the state appellate court. *See Melancon*, 295 F.3d at 407. When the Louisiana Supreme Court  finally denied Stewart's post-conviction relief application on February 1, 2008, 362 days of the federal limitations period remained. Therefore, Stewart's § 2254 application, which was filed on October 6, 2008, was timely. In view of the foregoing, we vacate the

judgment of the district court and remand for further proceedings consistent with this opinion.

JUDGMENT VACATED; CASE REMANDED.