JiPER CURIAM.
In this counseled civil writ application, relator Zurich American Insurance Company challenges the judgment signed by the trial court in regard to discovery sought by the plaintiff.
In January of 1993, a truck owned by Jo-Mil Corporation and driven by its employee, Glenn K. Tidwell, struck the rear of an auto owned and driven by Carol Dutruch. Dutruch filed suit against Tidwell, Jo-Mil and *954 its insurer Zurich American; and Dutruch’s uninsured motorist carrier, Liberty Lloyd’s Preferred, Zurich answered alleging, inter alia, that Dutrueh’s taillights and/or brake lights were inoperative at the time of the accident.
As part of discovery, Dutruch propounded interrogatories to Zurich. Subsequently, plaintiff filed a motion to compel and on February 10,' 1995, a hearing was held before Judge Hilary Crain, sitting ad hoc, on that motion. Judge Crain went through each of the twelve interrogatories one-by-one, reviewing the answers previously submitted by Zurich, hearing argument, asking questions and then ruling on each. After all interrogatories were considered, plaintiff asked for costs, which Judge Crain denied. Thereafter, plaintiff submitted a proposed judgment for Judge Crain’s signature. Zurich protested the judgment and Judge Crain never signed it.
JjjOnce Judge Patricia Hedges began presiding over the case, plaintiff submitted a second judgment for signature. Zurich objected to the wording of the second proposed judgment, and plaintiff presented the conflict to the trial court at a status conference in August of 1995. On August 17, 1995, Judge Hedges signed the proposed judgment submitted by plaintiff. On September 15, 1995, Zurich filed a notice of intent to take writs; the trial court set the return date for October 16,1995. Zurich filed this writ application on September 15,1995, contending that the trial court erred in signing the judgment.
In conjunction with addressing the merits of Zurich’s writ application, we must determine whether or not the application is timely under Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal. The oral ruling was made on February 10, 1995, by Judge Crain. The written judgment was signed on August 17, 1995 by Judge Hedges. The notice of intent was filed on September 15, 1995, and the writ application was filed on that same date.
Uniform Rules of Louisiana Courts of Appeal, Rule 4-3, as amended effective January 1, 1995, provides that a return date must be set and an application filed with this Court within thirty days from the date of the “ruling at issue”[1], unless the trial court had, upon proper showing extended the return date upon the filing of a motion for an extension.[2]
Because the ruling at issue is interlocutory in nature, no written judgment is necessary, and the thirty day delay allowed under Rule 4-3, Uniform Rules of Louisiana Courts of Appeal, began to run from the date of the oral ruling in open court,[3] unless we determine that the general rule is not applicable in the instant case because the “ruling at issue” is not Judge Crain’s oral ruling. Apparently, Zurich is not complaining about Judge’ Crain’s ruling but is objecting to the written judgment 13signed by Judge Hedges, arguing that the two rulings are not the same in that the written judgment changes Judge Crain’s oral ruling by imposing “sanctions” against Zurich limiting it to one non-medical expert witness, and by making findings of fact.
La.R.S. 13:4209, which provides for decisions by a successor judge, states in pertinent part:
B. (1) In eases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered. (Emphasis added)
Applying this statute to the written judgment and oral ruling in question, after a *955 thorough review of the application and the documents attached to it, and the opposition filed by the plaintiff, we find that the written judgment signed by Judge Hedges on August 17, 1995, does not conform with the oral ruling made by Judge Crain on February 10, 1995, and that the writ application is timely under Rule 4-3. Accordingly, the writ is granted and the August 17, 1995, judgment hereby is vacated.
WRIT GRANTED AND MADE PEREMPTORY.

. Rule 4-3 uses the terminology "ruling at issue" because interlocutory rulings rendered in open court can be reflected in the minute entry only.

. If the notice of intent to seek writs and/or a motion and order requesting a return date was filed with the trial court within 30 days of the ruling at issue, this Court has interpreted a return date set outside the 30 day period as an implicit extension of the return date by the trial court.

.See Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.), writ denied, 441 So.2d 771 (La.1983); Prejean v. Ortego, 262 So.2d 402 (La.App. 3d Cir.1972).