JiPER CURIAM.
In this counseled, civil writ application defendant Fireman’s Fund Insurance Company challenges the trial court’s grant of a motion for summary judgment which in effect determined the applicable limits of insurance coverage. However, failure to comply with Rule 4-3, Uniform Rules of Louisiana Courts of Appeal, precludes consideration of the writ application.
A hearing on the motion for summary judgment was held on June 27,1995, and the trial court took the matter under advisement. The trial court issued written reasons for judgment on September 6, 1995. On September 7, 1995, notice of the trial court’s written reasons was sent to the parties. The trial court signed a written judgment on September 21, 1995. A motion and order to fix return date was filed on October 16,1995; the trial court set a return date of December 1, 1995. The writ was filed on November 6, 1995.
*956 Uniform Rules of Louisiana Courts of Appeal, Rule 4-3, as amended effective January 1, 1995, provides that a return date must be set and an application filed with this Court within thirty days from the date of the “ruling at issue”[1], unless the |2trial court had, upon proper showing extended the return date upon the filing of a motion for extension.[2]
The written reasons for judgment were signed on September 6, 1995, and notice was sent on September 7,1995. Written reasons for judgment are interlocutory rulings. Thurman v. Thurman, 521 So.2d 579 (La.App. 1st Cir.1988). Since this ruling was interlocutory, a written judgment was not necessary. See Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.), writ denied, 441 So.2d 771 (La.1983); Prejean v. Ortego, 262 So.2d 402 (La.App. 3d Cir.1972). However, since the matter was taken under advisement, notice of the trial court’s ruling was required. La.C.C.P. art. 1914. For this reason, the thirty day delay began to run from the date of notice. Accordingly, the motion and order to fix a return date filed on October 16, 1995 was untimely. Because this motion and order was filed with the trial court outside the thirty day period, the court’s setting of the return date for December 1,1995, will not be considered a valid extension of the time for filing. Therefore, we find that the writ application is untimely and should not be considered.
WRIT NOT CONSIDERED.

. Rule 4 — 3 uses the terminology "ruling at issue” because interlocutory rulings rendered in open court can be reflected in a minute entry, or, if the matter is taken under advisement, in a minute entry and in writing.

. If the notice of intent to seek writs and/or a motion and order requesting a return date was filed with the trial court within 30 days of the ruling at issue, this Cotut has interpreted a return date set outside the 30 day period as an implicit extension of the return date by the trial court.