IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30428
Summary Calendar

———————————————

JOHNNIE F. DIXON,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Louisiana

———————————————

January 7, 2003

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:

Johnnie F. Dixon, Louisiana prisoner no. 305653, appeals the dismissal, as untimely, of his federal habeas application brought under 28 U.S.C. § 2254. Dixon was convicted of first-degree murder and sentenced to life in prison for killing his ex-wife. *See State v. Dixon*, 620 So. 2d 904, 906-07 (La. Ct. App. 1993). The district court granted a Certificate of Appealability on whether the one year limitation period of 28 U.S.C. § 2244(d) should have been suspended "from the time the [state] trial judge denied [Dixon's]

application for post-conviction relief until the deadline the trial judge set for filing an application for supervisory writs with the court of appeal, even though that date was longer than the 30-day period provided in La. Ct. App. Rule 4-3."

The Supreme Court recently held that "[a state post-conviction] application is pending as long as the ordinary state collateral review process is 'in continuance'–i.e., 'until the completion of' that process." *Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). "In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.; see Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). In *Melancon*, a panel of this court held that an application ceased to be "pending" when application to the next level of state-court review was not timely made.

The state trial court in Dixon's case denied his application for post-conviction relief on August 12, 1999. Rule 4-3 of Louisiana's Uniform Rules, Courts of Appeal, provides that the trial court must state "a reasonable time," "not to exceed thirty days," in which the applicant must apply to the appellate court. However, the rule further provides that "the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. . . ." LA. CT. APP. UNIFORM RULE 4-3.

2

Although Dixon filed his application for supervisory writs more than thirty days after the denial of his original application for relief, Dixon had both timely requested and received on extension of the thirty day requirement. The state trial court denied Dixon's application for post-conviction relief on August 12, 1999; on August 20 or 23 Dixon filed in the trial court his "notice of intent" to apply for supervisory writs to review that judgment in which he requested that the court grant "leave to file his application for supervisory writs" and that "this Court set a reasonable time of not less than sixty (60) days from the filing of this notice for the writ application to be filed with the First Circuit Court of Appeal." By order of August 26, the trial court both granted Dixon "leave to file his application for supervisory writs" and ordered "that the application for supervisory writs be filed with the First Circuit Court of Appeal by October 29, 1999." Dixon filed his application for supervisory writs with the First Circuit Court of Appeal on October 20, 1999.[1]

Louisiana courts consider the trial court's setting of a

---

[1] The Court of Appeal on March 24, 2000 denied Dixon's application for supervisory writ on the merits; nothing in its order suggests that it viewed Dixon's application to it as having been even arguably untimely; the state has never taken the position, either before any state court or at any time in this federal habeas proceeding, that Dixon's application for supervisory writ to the Court of Appeal was untimely. It is undisputed, and the Magistrate Judge and District Court below found, that less than 30 days following the decision of the Court of Appeal Dixon timely applied for supervisory writs to the Supreme Court of Louisiana, which on February 9, 2001 denied the application without any explanation or comment.

return date later than thirty days to be an implicit extension of the return date in accordance with Rule 4-3. *See Brock v. Duhe*, 521 So. 2d 1162, 1162 (La. 1988). This is at least so when the filing of the return date is pursuant to the appellant's timely request for a return date beyond the thirty day limit, as it was in Dixon's case:

> "If the notice of intent to seek writs and/or a motion and order requesting a return date was filed with the trial court within 30 days of the ruling at issue, this Court has interpreted a return date set outside the 30 day period as an implicit extension of the return date by the trial court." *Watts v. Dorignac*, 681 So. 2d 955, 956 n.2 (La. Ct. App., 1st Cir., 1996).[2]

Because Dixon timely both sought and obtained an extension of the appeal period, his application to the Louisiana Court of Appeal was not only timely filed but was never in an untimely status, and his case is thus distinguished from *Melancon*. Accordingly, all of the time between the filing of his initial state post-conviction application and the Louisiana Supreme Court's denial of relief was tolled (it being undisputed that Dixon timely sought review in the Louisiana Supreme Court of the decision of the Louisiana Court of Appeal). In *Melancon* this court agreed with the general rule "that a state application is 'pending' during the intervals between the

---

[2] *See also Spangler v. Chiasson*, 681 So. 2d 956, 957 n.2 (La. Ct. App., 1st Cir. 1996); *Dutruch v. Zurich-American Ins. Co.*, 681 So. 2d 953, 954 n.2 (La. Ct. App., 1st Cir. 1996); *Causey v. Caterpillar Machinery Corp.*, 822 So. 2d 188, 190 (La. Ct. App., 4th Cir., 2002); *Hester v. Hester*, 715 So. 2d 40, 42 (La. Ct. App., 4th Cir. 1998).

4

state court's disposition of a state habeas petition and the petitioner's *timely* filing of a petition for review at the next level." 259 F.3d at 406 (emphasis added). However, we held that "Melancon no longer had an application [for post-conviction relief] 'pending' in state court when he failed to [timely] file an application for a supervisory writ with the Court of Appeal *and failed to obtain an extension*." *Id*. at 407 (emphasis added). A subsequently granted extension merely served to allow tolling during the time after the application for writs was actually filed pursuant thereto. *Id*.

In *Melancon*, the Louisiana trial court denied post-conviction relief on December 9, 1997, and the application for supervisory writs was not filed with the Louisiana Court of Appeal until May 8, 1998. *Id*. at 403. We observed that "[w]hile the trial court set the return date as May 8, 1998, it did not extend the time for filing the application." *Id*. at 404 n.2. The opinion of the Louisiana Court of Appeal in that case, *State v. Melancon*, No. 98-K-1139 (La. Ct. App. 4th Cir. Aug. 13, 1998) (unpublished), a copy of which is attached to the appellant's brief in this court in *Melancon*, states as follows:

> "This writ appears to be untimely. The [trial] court ruled on December 9, 1997. The only evidence of a return date is the written notice of intent which was signed by the trial court on what appears to be either May 6th or May 8th, 1998. The return date was set for May 8, 1998, the date this writ was filed in this Court. Rule 4-3, Uniform Rules of the Courts of Appeal

5

requires that an original return date be not more than thirty days from the date of the ruling at issue. Here, the return date is approximately five months later. There is no indication that an earlier return date was set and then extensions were granted. Nonetheless, because this Court ordered the evidentiary hearing in response to defendant relator's pro se writ, we will consider the merits of the relator's claim."

We have reviewed the record and briefs in *Melancon* and there is nothing to indicate or suggest that the prisoner there ever, or ever during the thirty days next following the trial court's December 9, 1997, denial of relief, sought any extension or enlargement of the thirty day period provided in Rule 4-3 or filed any notice of intent to seek writs and/or any motion and order requesting a return date. Thus, in *Melancon* when the thirty days expired there was neither any order extending or fixing the return date to or at a time later than the thirty day period nor was there pending any undisposed of motion for any such relief, and no supervisory writ application had been filed. Thus Melancon's writ application ceased to be pending at the expiration of the thirty days. Here, by contrast, when the thirty days expired, the time for filing the supervisory writ application had already been fixed for a later date pursuant to Dixon's previously filed motion for such relief, and Dixon's supervisory writ application was filed prior to that thus fixed later date. Accordingly, Dixon's application for post-conviction relief remained "pending" at all times from its initial filing until its final disposition by the Louisiana Supreme Court; it was never in an untimely status.

6

Under the correct calculation, only 362 unsuspended days passed between the date Dixon's conviction became final and date he filed his 28 U.S.C. § 2254 petition; thus, his petition was timely. 28 U.S.C. § 2244(d).

The judgment of the district court is VACATED and the case REMANDED for further consideration of Dixon's claims.

VACATED and REMANDED.