**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30479
Summary Calendar

---

GLENN C. OSBORNE,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA
STATE PENITENTIARY,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1338

---

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Glenn C. Osborne, Louisiana prisoner # 130680, was convicted after a jury trial of aggravated rape and was sentenced to life imprisonment. He appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. We granted a COA to consider: (1) whether Osborne's state submissions were "properly

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed" as of the date they were received by the state court clerk; (2) whether the limitations period should be equitably tolled for the period between the receipt of the submissions and their filing; and (3) whether equitable tolling should apply for the time by which the August 23, 1999, return date set by the state district court exceeded the thirty-day limitations period in Louisiana Uniform Rules of the Courts of Appeal, 4-3.

Osborne contends that his state court submissions were "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) at the time they were stamped received by the state court clerk. An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). We assume, *arguendo*, that Osborne has not shown that the receipt of his documents met this standard.

Alternatively, Osborne asserts that the limitations period should be equitably tolled for the eighty-three day difference between the receipt of his state court submissions and their filing. He contends that there was no reason for these delays and that he had no control over the lapse of this time. Although the magistrate judge who first examined the limitations issue recognized that equitable tolling might apply during the period of these delays, the district court did not specifically address this aspect of Osborne's equitable tolling arguments. Osborne

2

diligently pursued his federal rights by filing his 28 U.S.C. §
2254 petition nineteen days after his state remedies were
exhausted.  Given this diligence, the unusual length of the delays
between receipt and filing in state court (at least three weeks on
three occasions), Osborne's assertion that his submissions were in
compliance with the procedural rules for filing, and the
respondent's total failure to identify any deficiency in the
pleadings or other cause for the delays in filing, we find that
equitable tolling applies. *See Phillips v. Donnelly*, 216 F.3d 508,
511 (5th Cir.), *reh'g granted in part*, 223 F.3d 797 (5th Cir.
2000); *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999).

Equitable tolling, for the periods between the submission and
filing of Osborne's petitions in state court, alone however, is not
enough to render Osborne's federal petition timely.  Even with the
benefit of such tolling, Osborne's federal petition is late by at
least four days.  Osborne, therefore, points to an additional
twenty-three days that he maintains should not be counted against
his deadline for the filing of his section 2254 habeas petition.

Osborne's second petition for state post-conviction relief was
denied by the state trial court on June 30, 1999.  Under Rule 4-3
of the Louisiana Uniform Rules—Courts of Appeal, following the
denial of relief, the trial court must fix a reasonable time, not
to exceed thirty days, in which the applicant must file an
application for supervisory writs with the proper Louisiana

3

appellate court. Osborne ultimately filed his application with the Louisiana Second Circuit on August 23, 1999—twenty-three days after the expiration of the thirty-day period for seeking appellate relief. Rule 4-3, however, also provides that "[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application [beyond thirty days] upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period." See Uniform Rules—Courts of Appeal, Rule 4-3. Although Osborne did not file his application until after the expiration of thirty days from June 30, 1999, he did timely file a notice of intent to seek appellate review and a request for the fixing of a return date in the state trial court on July 19, 1999, and on July 22, 1999, the state trial court set the return date for the filing of Osborne's application for Monday, August 23, 1999, the day on which Osborne ultimately filed. The Louisiana Court of Appeal denied the application for writ of review not because *it* was untimely but because the underlying application for post-conviction relief was untimely under La. Code Crim. P. art. 930.8. The Louisiana Supreme Court similarly denied writ application on the same basis.

Accordingly, we hold that because Osborne within the thirty day period timely sought and received an extension of the period for filing his application for supervisory writs, the limitations period was tolled pursuant to 28 U.S.C. § 2244(d)(2) from the

4

denial of his second state application for post-conviction relief on June 30, 1999, until his application for supervisory writs was filed on August 23, 1999. *Dixon v. Cain*, 316 F.3d 553, 555-56 (5th Cir. 2003). In light of these additional tolling periods, we find that not more than 347 days have passed from the time Osborne's state conviction became final and the date he filed his section 2254 petition.

Upon granting Osborne's application for a COA, we concluded not only that Osborne had established that the district court may have erred in dismissing his petition as untimely, but also that Osborne had established that "jurists of reason would find it debatable whether [Osborne's] petition states a valid claim of the denial of a constitutional right." *See Slack v. Daniel*, 120 S.Ct. 1595, 1599 (2000). The district court, however, having found Osborne's petition time-barred, did not address the merits of Osborne's constitutional claims or of the respondent's claims of allegedly independent and adequate state law grounds for denial of relief (e.g., La. Code Crim. P., art. 930.8). Accordingly, we VACATE the district court's judgment dismissing Osborne's petition as time-barred, and REMAND for further proceedings, including a determination by the district court of the validity of Osborne's underlying constitutional claims and respondent's claims of allegedly independent and adequate state grounds for denial of relief.

VACATED and REMANDED

6