United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30581
Summary Calendar

LIGE ROGERS,

Petitioner-Appellant,

versus

VENETIA T. MICHAELS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-223
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Lige Rogers, Louisiana prisoner # 121856, was convicted by a jury of distribution of heroin and sentenced to life imprisonment. The district court dismissed his 28 U.S.C. § 2254 petition as barred by the applicable one-year statute of limitations. This court granted a COA on the time-bar issue. The defendant has not filed a brief. For the following reasons, we vacate the district court's judgment and remand for further development of the record.

Under 28 U.S.C. § 2244(d), a one-year period of limitation applies to § 2254 petitions. "The limitation period shall run from

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). State prisoners whose judgments became final prior to the April 24, 1996, enactment date of AEDPA are afforded a one-year grace period, meaning that their petition must have been filed on or before April 24, 1997. Flanagan v. Johnson, 154 F.3d 196, 199-200 (5th Cir. 1998). However, the one-year period is tolled for any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . [was] pending." § 2244(d)(2). Rogers's conviction and sentence were affirmed by the state appellate court on April 13, 1995. Rogers did not seek review in the Louisiana Supreme Court. Rogers's state postconviction application, filed on September 18, 1995, and subsequent motion for a new trial, were both denied on January 5, 1999. Thus, the one-year period was tolled until at least that time. The district court concluded that it was tolled an additional 30 days, the time to file a supervisory writ application in the Louisiana Court of Appeal. LA. UNIFORM APP. R. 4-3 (West 1999).

Rogers filed a letter, construed as a supervisory writ application, which was deemed filed on April 7, 1999, and denied on April 26, 1999. At some undetermined point, Rogers obtained an oral extension of time to seek supervisory writs. He also later

2

filed a motion on July 7, 1999, seeking an extension of time.  He later filed two supervisory writ applications, which were denied on the merits.  His final writ application to the Louisiana Supreme Court was denied on November 14, 2003.

The district court concluded that Roger's written motion for an extension of time in July 1999 did not toll the one-year period because it was not filed within the 30-day period for seeking a supervisory writ.  The court also counted the period from February 5, 1999, to April 7, 1999, as untolled.  However, it is clear that Rogers obtained an oral extension at some point and it appears that the extension was of indefinite duration.  If that oral extension was within the 30-day period, then the  applications may have been properly filed and pending.  See Grillette v. Warden, Winn Corr. Ctr., 372 F.3d 765, 773 (5th Cir. 2004); Dixon v. Cain, 316 F.3d 553, 555 (5th Cir. 2003); Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001).  Further, both Rogers's state supervisory writ applications were addressed on the merits; neither was rejected as untimely.  However, the record is not complete to determine when the oral extension of time was granted, the length of the extension, or to which of Rogers's supervisory writ applications it applied.  Thus, its effect on the one-year limitations period cannot be ascertained.

3

For the foregoing reasons, we VACATE the judgment of the district court and REMAND this matter for further development of the record on the timing and effect of the oral extension of time.