**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-31060

ANTHONY RAY STOOT,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

Anthony Ray Stoot, Louisiana prisoner # 418793, is currently serving a life sentence in the Louisiana State Penitentiary in Angola, Louisiana. Stoot's application for a writ of habeas corpus was dismissed by the United States District Court for the Western District of Louisiana. The district court concluded that Stoot's application is barred by the one-year period of limitation found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1). We now REVERSE and REMAND.

I.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to a state prisoner's application for a writ of habeas corpus. In this case, the period of limitation started running when Stoot's conviction "became final" either "by the conclusion of direct review or [by] the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The statute provides, however, that the period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). An application for state post-conviction review remains pending, and thus the period of limitation remains tolled, until the state post-conviction review reaches its final resolution. *Dixon v. Cain*, 316 F.3d 553, 554 (5th Cir. 2003). In Louisiana, post-conviction review reaches its final resolution either when the Louisiana Supreme Court issues a final judgment or when the prisoner fails to seek the next level of post-conviction review in a timely fashion. *Id.* at 555.

Stoot's one-year clock started on December 26, 2003, when his conviction became final.[1] The period of limitation stopped running, however, on June 16, 2004, when Stoot filed his Application for Post-Conviction Relief in the state district court. After conducting an evidentiary hearing, the state district court denied his application. Stoot then sought relief from the state court of appeal. The court of appeal denied the application on October 28, 2005. Stoot then petitioned the Louisiana Supreme Court for discretionary review. That court,

---

[1] The Louisiana Supreme Court denied direct review of Stoot's conviction and sentence on September 26, 2003. Stoot then had ninety days to seek review from the United States Supreme Court. Supreme Court Rule 13. His conviction became final when that ninety-day period expired on December 26, 2003. *See* FED. R. CIV. P. 6(a)(3) ("When the last day is [a legal holiday], the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.").

in a one-word opinion, denied his petition on October 27, 2006. Stoot filed his federal application for a writ of habeas corpus on April 12, 2007.

## II.

Stoot contends that his application is timely because the period of limitation was statutorily tolled from the day he applied for state post-conviction relief (June 16, 2004) until the Louisiana Supreme Court denied his petition (October 27, 2006).

The magistrate judge, however, disagreed and recommended that the application be dismissed as untimely. Under Louisiana Supreme Court Rule X, § 5(a), a petition for review must be filed "within thirty days of the mailing of the notice of the original judgment of the court of appeal." The court of appeal mailed its decision to Stoot on October 28, 2005. The magistrate judge noted that the "Inmate's Request for Legal/Indigent Mail," which Stoot attached to his habeas application, indicated that Stoot mailed his petition to the Louisiana Supreme Court on January 18, 2006. Thus, Stoot failed to meet the Rule X, § 5(a) thirty-day deadline. Under *Williams v. Cain*, this untimely petition could not be considered "properly filed" for the purpose of § 2244(d)(2) and therefore did not continue the statutory tolling. 217 F.3d 303, 311 (5th Cir. 2000). Under this reckoning, the statutory tolling ended on November 28, 2005, when Stoot failed to timely petition the Louisiana Supreme Court. The magistrate judge therefore concluded that Stoot's April 2007 federal application was not submitted within AEDPA's one-year period of limitation.

In his objections to the magistrate judge's report, Stoot, for the first time, asserted that he had mailed an earlier petition to the Louisiana Supreme Court on November 23, 2005, within the Rule X, § 5(a) deadline. Stoot claims that after not receiving confirmation of receipt, he asked a family member to investigate, and the family member learned that the court never received the petition. According to Stoot, he then mailed a second petition, the one actually

received by the court, on January 18, 2006. As evidence of these assertions, Stoot submitted another "Inmate's Request for Legal/Indigent Mail," this one dated November 23, 2005.

The district court entered judgment dismissing the application "[f]or the reasons stated in the Report and Recommendation of the Magistrate Judge."

This Court then granted a certificate of appealability to consider whether the prison mailbox rule applies to a pleading that is delivered to prison officials for mailing but is never received by the court.

### III.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). For example, if a *pro se* prisoner mails his pleading three days prior to a procedural deadline yet it does not reach the clerk of the court until three days after the deadline, under the prison mailbox rule, the pleading is considered timely. The question posed by this case is whether a pleading that is purportedly mailed, yet never received, may benefit from the prison mailbox rule.

Because the ultimate question is whether Stoot's state petition complied with Louisiana Supreme Court procedural requirements, we defer to state law on this issue. *Causey*, 450 F.3d at 605 ("[S]tate courts have the right to interpret 'state rules of filing' and are not bound by *Houston*'s construction of federal filing rules.").

The Louisiana Supreme Court has not yet considered this issue, but the court has adopted the holding and reasoning of *Houston v. Lack*. *See, e.g., Johnson v. Whitley*, 648 So. 2d 909 (La. 1995); *Tatum v. Lynn*, 637 So. 2d 796, 799 (La. App. 1st Cir. 1994) ("We find the reasoning in *Houston v. Lack supra* to be persuasive."); *see also Causey*, 450 F.3d at 604-05 (collecting cases).

Given the Louisiana Supreme Court's embrace of *Houston*, we see no reason to assume that Louisiana courts would not apply the prison mailbox rule even when the timely pleading is never received by the court. Accordingly, we make an *Erie* guess, *see Moore v. State Farm Fire & Casualty Co.*, 556 F.3d 264, 269 (5th Cir. 2009), that Louisiana courts would extend the *Houston* rule to the facts of this case.

As noted in *Houston*, the situation of a *pro se* prisoner is unique. *Houston*, 487 U.S. at 270-71. Unlike other litigants, "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise." *Id.* at 271 Furthermore, "[b]ecause reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275. Here, in particular, there is nothing to suggest that the rule is being abused or manipulated. The petitioner had a family member make a timely inquiry and, determining that his petition had not been received, he promptly submitted it again.

Although our analysis is in reference to Louisiana procedural law, it is useful to note that both the Eleventh and Ninth Circuits, in situations much like this one, concluded that the principles of *Houston v. Lack* apply to *pro se* prisoner pleadings that never reached the intended recipient. *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006); *Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001).[2]

Accordingly we hold that, in Louisiana courts, a *pro se* prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to

---

[2] The circumstances in *Allen* were slightly different from those here. In *Allen*, the court considered the timeliness of a notice of appeal purportedly mailed to a United States District Court. Accordingly, the decision in *Allen* was based on a direct application of both *Houston* and Federal Rule of Appellate Procedure 4(c)(1).

prison authorities to be mailed, regardless of whether the pleading actually reaches the court. Under such a rule, it is of course incumbent upon the petitioner to diligently pursue his petition. A failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent.

## IV.

As noted in *Houston*, reference to prison mail logs usually answers the question of when the petition was actually mailed. At this point, however, we are ill-equipped to determine whether Stoot's allegations are true. We therefore remand to the district court for a factual inquiry into whether Stoot submitted a timely petition. If the district court finds that Stoot submitted a petition, even one that was never received, prior to the Rule X, § 5(a) deadline, then his Louisiana Supreme Court petition was timely, his federal application is not barred by § 2244(d)(1), and his habeas claims must be considered on the merits.

REVERSED and REMANDED.