# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-40446

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RANSOM NYAMAHARO,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-165-1

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant/Appellant Ransom Nyamaharo was tried and found guilty of (1) Conspiracy to Defraud the United States and (2) Conspiracy to Commit Identity Theft and Bank Fraud. The district court sentenced Appellant to 180 months in prison and ordered him to pay restitution of $3,097,822.65. In his appeal, Appellant argues that (1) the district erred in denying his motion to transfer the case, (2) the evidence was insufficient to convict him, and (3) the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40446

district court relied on inadmissible evidence when determining his sentence. For the following reasons, we AFFIRM Appellant's conviction and his sentence.

Appellant argues that the district court erred in denying his motion to transfer. Federal Rule of Criminal Procedure 21(b) allows the district court, upon defendant's motion, to transfer a case to another district or division "for the convenience of the parties and witnesses and in the interest of justice." "The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997) (citing *United States v. Duncan*, 919 F.2d 981 (5th Cir. 1990)). In order to demonstrate the district court committed an abuse of discretion, a defendant must show that he was prejudiced by the denial to transfer. *United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987) (citing *United States v. Alvarado*, 647 F.2d 537, 539 (5th Cir. 1981)). In its order denying Appellant's motion to transfer, the district court carefully weighed the convenience of the parties and witnesses, as well as the location of evidence, the location of the alleged crimes, the location of counsel, the relative accessibility of the place of trial and the docket condition of each district. Appellant has not shown how the district court erred in its considerations, nor has Appellant shown any prejudice from the location of trial. We cannot hold, therefore, that the district court abused its discretion in denying Appellant's motion to transfer.

Appellant next argues that the Government failed to present sufficient evidence to convict him at trial. "As a general rule we owe great deference to the jury's verdict." *United States v. Upton*, 91 F.3d 677, 681 (5th Cir. 1996) (citing *United States v. Walters*, 87 F.3d 663, 667-68 (5th Cir. 1996)). In reviewing whether there was sufficient evidence to convict Appellant, the court asks "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt." *United States v. Valles*, 484 F.3d 745, 752 (5th Cir. 2007) (citing *United States v. Yi*, 460 F.3d 623, 629 (5th Cir. 2006)). "In so doing,

we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." *Id.* (citing *Yi*, 460 F.3d at 629). Appellant was charged with (1) Conspiracy to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286; and (2) Conspiracy to commit Identity Theft (a violation of 18 U.S.C. § 1028(a)(7)) and Bank Fraud (a violation of 18 U.S.C. § 1344), in violation of 18 U.S.C. § 371.

The Government presented multiple witnesses who testified to being defrauded on their tax returns after submitting their information to Appellant's tax company. The Government also submitted fraudulent tax returns seized from Appellant's office and from a co-conspirator's residence. The Government also presented the testimony of co-conspirators who stated that they worked directly with Appellant to fraudulently prepare and submit tax returns to the IRS, cut refund anticipation loans, and withhold part of the refunds as "kickbacks" for their services. Appellant's co-conspirators also testified to witnessing Appellant purchase stolen names and social security numbers from third parties that Appellant used or attempted to use as false dependents on fraudulent tax returns.[1] Appellant argues that the evidence is mostly circumstantial and that the Government's witnesses were not credible. However, conspiracies may be inferred from the circumstances. *United States v. Bourgeois*, 950 F.2d 980, 984 (5th Cir. 1992). Moreover, witness credibility is for the jury, not an appellate court, to determine. *United States v. Ford*, 558 F.3d 371, 376 (5th Cir. 2009). Accordingly, we find the evidence sufficient to support the verdict.

Finally, Appellant argues that the district court erred by relying on Appellant's Presentence Investigation Report ("PSR") in determining the amount

---

[1] The evidence shows that Appellant even fraudulently filed his own tax return.

3

of loss. "We review a district court's . . . factual findings in connection with sentencing for clear error." *Valles*, 484 F.3d at 759 (citing *United States v. Parker*, 133 F.3d 322, 328 (5th Cir. 1998)). "In making its factual findings for sentencing, a district court may adopt the findings of the PSR without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable." *Id.* (citing *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006)). "The defendant has the burden of showing that the information relied on by the district court in the PSR is materially unreliable." *Id.* at 759-60 (citing *Valdez*, 453 F.3d at 262). The PSR based its calculations of loss on the evidence submitted at trial, which included IRS records, bank records, Appellant's own records, and direct testimony from IRS and bank custodians. The district court properly admitted the business records and public records under Federal Rules of Evidence 803(6) and 803(8). Witnesses further testified to personally preparing the compilations and summaries that were properly admitted under Rule 1006. Accordingly, Appellant has failed to demonstrate that the evidence relied upon in the PSR was materially unreliable.[2]

AFFIRMED.

---

[2] Appellant also argues that the district court failed to provide a limiting instruction to the jury regarding the use of summary evidence. However, the record indicates that the district court did provide a limiting instruction regarding summary evidence, and Appellant did not object to the instruction at trial.