# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2013

Lyle W. Cayce
Clerk

No. 11-40750
Summary Calendar

UNITED STATES OF AMERICA ,

Plaintiff-Appellee

v.

RANSOM NYAMAHARO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-260
USDC No. 4:08-CR-165-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2009, Ransom Nyamaharo, federal prisoner # 15372-078, was convicted of conspiracy to commit identity theft and bank fraud, and of conspiracy to defraud the United States. *See United States v. Nyamaharo*, 364 F. App'x 899 (5th Cir.), *cert. denied*, 130 S. Ct. 2394 (2010). The district court dismissed Nyamaharo's 28 U.S.C. § 2255 motion as untimely. This court granted Nyamaharo a certificate of appealability (COA) on the issue whether, under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009), his § 2255 motion should have been deemed filed on the day he purportedly submitted a prior § 2255 motion to prison officials for mailing even though the prior motion was never filed, and if so, whether the district court erred in rejecting his contention that he placed the prior § 2255 motion in the prison mailing system on the date he alleged. We review the district court's factual findings for clear error. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The court's judgment may be affirmed on any basis supported by the record. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

RULE 3(d) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. When a litigant has certified under penalty of perjury that his petition was deposited in the prison mailing system on a certain date, the petition is deemed filed on that date. *See, e.g., Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009)(§ 2254 case).

In *Stoot*, 570 F.3d at 672, this court held that under the federal "mailbox rule," the state pleading would be deemed filed on the date that it was submitted to prison authorities to be mailed "regardless of whether the pleading actually reache[d] the court." This court cautioned that, "Under such a rule, it is of course incumbent upon the petitioner to diligently pursue his petition. A failure

to inquire about a lost petition is strong evidence that the petition was, in fact, never sent." *Id.*

We reject Nyamaharo's contention that the holding in *Stoot* applies to the facts of the instant case to render his § 2255 motion timely. Although the court in *Stoot* indicated that, as a general matter, the mailbox rule could be extended in situations where the prisoner could prove an attempted earlier mailing even though the pleading was never filed or received, the court did not address the level of proof required to support such a finding. *See Stoot*, 570 F.3d at 671-72. Instead, the court remanded the case so that the district court could make such a determination. *Id.* at 672. Further, in *Stoot*, the court specifically noted that there was no reason to believe that the mailbox rule was being "abused or manipulated." *Id.* at 671. In the instant case, however, and as noted by the district court, Nyamaharo gave absolutely no indication that he had attempted to file an earlier motion when initially asked to address the timeliness issue. It was not until the magistrate judge set forth the correct date of the finality of his conviction that Nyamaharo first asserted that he had actually filed an earlier motion that would have been timely. Although Nyamaharo submitted two declarations "under penalty of perjury" in which he attested to the earlier filing, the declarations were submitted only after the magistrate judge explained why the instant motion was untimely. Additionally, Nyamaharo's sworn declarations that he filed the earlier motion contradicts his earlier declarations that the later filing was his only such motion. In light of the foregoing, Nyamaharo has failed to demonstrate reversible error in the district court's determination that his motion was untimely. We do not consider the affidavit that Nayamaharo has appended to his appellate brief, as it is not properly before this court. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).

AFFIRMED.