# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

ANDRES JUAREZ,

Plaintiff-Appellant

v.

MR. ANDERSON, Correctional Officer, TDCJ Ramsey One Unit,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-189

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andres Juarez, Texas prisoner # 1340121, pro se and in forma pauperis (IFP), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that a correctional officer forced him to work in unsafe conditions, causing him to injure his spine. He further alleged that although he underwent two spinal surgeries, he continues to endure severe chronic pain for which the Texas Department of Criminal Justice has provided inadequate treatment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied recommended physical therapy.     The district court sua sponte dismissed the complaint as time barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IFP claims that are time barred are properly dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), and such dismissals are reviewed for an abuse of discretion.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).  District courts may raise the defense of limitations sua sponte in an action proceeding under § 1915. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Before entering a sua sponte dismissal on limitations grounds, "a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006).  The district court in the instant proceeding did not provide notice that it was considering the limitations issue, nor did it provide Juarez an opportunity to present his position on the issue.  *See id.*

The district court determined that Juarez's complaint, which was filed in May 2013, was filed at least eight months late.  Therefore, the district court's analysis suggests that the governing two-year limitations period may have accrued in September 2010 and expired in September 2012.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  However, the opinion is not explicit on this point.

Juarez has attached to his brief a document indicating that he submitted legal mail with the address of the U.S. District Court in Galveston to the prison mail room on August 27, 2012, and that it was mailed via U.S. postal mail on the same date.  If Juarez is correct that he deposited a complaint with prison officials for mailing on August 27, 2012, then pursuant to the prison mailbox rule, his complaint would be deemed filed on that date for purposes of the

No. 14-40485

limitations analysis. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995). Because the district court did not provide Juarez notice that it was considering the limitations issue, or afford Juarez the opportunity to present his position on the limitations issue, *see Day*, 547 U.S. at 210, the record is insufficiently developed for a determination by this court on the limitations issue. Accordingly, a remand for further factual development is appropriate. *See Stoot v. Cain,* 570 F.3d 669, 672 (5th Cir. 2009).

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion. We express no opinion regarding proper resolution of this matter.