# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50729

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLEN JAWANN GRIFFIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-345
USDC No. 1:13-CR-466

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Allen Jawann Griffin, federal prisoner # 27329-380, seeks a certificate of appealability (COA) to appeal the district court's dismissal, as time barred, of his 28 U.S.C. § 2255 motion challenging his 2014 conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Griffin does not challenge the district court's determination that his conviction became final on February 28, 2014, and that the limitations period

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expired one year later on February 28, 2015. He has therefore abandoned any such arguments on appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Instead, Griffin contends that reasonable jurists would debate the district court's application of the prison mailbox rule. Specifically, he argues that the district court improperly placed the burden of proving the filing date on him, rather than on prison authorities.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court has denied habeas relief on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could debate whether the district court erred in dismissing Griffin's § 2255 motion as time barred without developing the record as to when he placed the motion in the prison mail system. *See id.*; *Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009). Further, Griffin's ineffective assistance of counsel claims are facially valid constitutional claims. *See Strickland v. Washington*, 466 U.S. 668, 683-84 (1984); *Houser v. Dretke*, 395 F.3d 560, 561-62 (5th Cir. 2004).

Accordingly, Griffin's motion for a COA is GRANTED, the district court's judgment of dismissal is VACATED, and the matter is REMANDED for further factual development as to when Griffin placed the § 2255 motion in the prison mail system. *See Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998).