# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2020

Lyle W. Cayce
Clerk

No. 19-50759

Danny Wayne Alcoser,

*Plaintiff—Appellant*,

*versus*

Kathryne Ford, Child Protective Services Specialist; Joshua Parson, Child Protective Services Investigator; Kimberly Morris, Attorney General of Texas; Gabrielle Massey, Assistant District Attorney; Katie Casper, Attorney Ad Litem; Judge Nikki Mundkowsky, McLennan County Child Protective Court; Judge Phillip Arriens, Judge of the 4D Court; Jon R. Gimble, McLennan County District Clerk; Judge Gary Coley, Jr., Juvenile Judge for the 4th District Court; John Montez; Daryle Echols; Ursula Kathryn Woessner; Parnell McNamara, Sheriff,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-354

Before Higginbotham, Smith, and Dennis, *Circuit Judges*.

PER CURIAM:*

Proceeding *in forma pauperis* ("IFP"), Danny Wayne Alcoser, Texas prisoner # 2187801, sought to bring a 42 U.S.C. § 1983 action against numerous employees of Texas Child Protective Services ("CPS"), judges, court officials, retained and appointed counsel, and others, including his former wife. Alcoser's claims stem from numerous CPS and related proceedings, over the course of several years, during which he alleges CPS improperly terminated his parental rights and placed his children with dangerous caregivers and in dangerous environments. He now appeals the district court's *sua sponte* dismissal of his claims under 28 U.S.C. § 1915(e)(2)(B) as time barred and for failing to state a claim.

Alcoser asserts that the district court erred by *sua sponte* dismissing his claims without giving him notice and an opportunity to respond. "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness" of an IFP civil action. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Similarly, a district court may *sua sponte* dismiss an IFP complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, before entering a *sua sponte* dismissal, due process requires that the "court . . . accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210; *see also Juarez v. Anderson*, 598 F. App'x 297, 297-98 (5th Cir. 2015) (unpublished) (applying *Day* to an IFP § 1983 case). In this case, the district court erred by not affording Alcoser notice of its intention to dismiss his claims and an opportunity to respond.

The requirement that a litigant be afforded notice and an opportunity to respond prior to dismissal is rooted in constitutional due process, *see Lugo*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988)), and the district court's error therefore requires reversal unless it is apparent that the error was harmless beyond a reasonable doubt. *See United States v. Zavala*, 541 F.3d 562, 581 (5th Cir. 2008) (citing *Neder v. United States*, 527 U.S. 1, 15 (1999)). Here, we cannot conclude beyond a reasonable doubt that the error was harmless.

Alcoser is incorrect that the limitations period applicable to his claims is four years; his suit is subject to the two-year statute of limitations applicable to all § 1983 actions arising in Texas. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that § 1983 actions are governed by a state's general statute of limitations for personal injury suits and not by the period prescribed for specific intentional torts that might arguably be analogous to a specific claim); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (applying Texas's two-year limitations period to a § 1983 claim). And the district court's reasoning for dismissing his remaining claims as failing to provide grounds for recovery is sound. Nevertheless, a district court raising the non-jurisdictional issue of timeliness *sua sponte* must consider whether the interests of justice are better served by dismissal or reaching the merits of the suit. *Day*, 547 U.S. at 210. Alcoser could have argued that reasons exist as to "why the limitation period should not yield dismissal," but he was not given the opportunity to raise these contentions. *Id.* He also could have sought leave to amend his complaint, which a district court generally must allow prior to dismissing a *pro se* complaint with prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly, the district court's judgment is VACATED, and the case is REMANDED for further proceedings. Alcoser's motion for appointment of counsel before this court is DENIED AS MOOT.