STATE OF LOUISIANA                    NO. 24-KH-198

VERSUS                                FIFTH CIRCUIT

JEREL SMITH                           COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

June 10, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** JEREL SMITH

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 17-00030

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Scott U. Schlegel

**WRIT GRANTED**

Relator, Jerel Smith, filed a *pro se* writ application, seeking review of the district court's April 2, 2024 judgment denying his First Uniform Application for Post-Conviction Relief ("APCR"). After review, we grant this writ application and remand the matter to the district court.

**PROCEDURAL BACKGROUND**

On May 11, 2018, a jury found relator guilty of second degree murder and armed robbery. On June 14, 2018, he was sentenced to life imprisonment at hard labor for second degree murder and ninety-nine years imprisonment for armed robbery. Both sentences were ordered to be served without benefit of parole, probation, or suspension of sentence and to run concurrently. On March 13, 2020, this Court affirmed relator's convictions and sentences for second degree murder and armed robbery. *State v. Smith*, 19-395 (La. App. 5 Cir. 3/13/20), 293 So.3d

24-KH-198

732.[1] Relator did not file a writ application seeking review with the Louisiana Supreme Court.

Relator filed his APCR with the district court on March 21, 2024, raising claims of ineffective assistance of counsel, denial of right to testify, and erroneous jury instruction. On April 2, 2024, the district court denied relator's rule to show cause as to why his APCR should not be granted and denied his "application in accordance with La. C.Cr.P. art. 930.8."

**LAW AND DISCUSSION**

In the instant application, relator maintains that the district court erred by finding his APCR was untimely under La. C.Cr.P. art. 930.8 because he originally filed his APCR on December 13, 2021.

La. C.Cr.P. art. 930.8(A) provides in pertinent part: "No application for post-conviction relief including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."

In the instant case, relator's convictions and sentences became final in 2020. *See Smith*, *supra*. Thus, on its face, relator's APCR, filed with the district court on March 21, 2024, is untimely. Except as provided in La. C.Cr.P. art. 930.8, the district court has no authority to extend those limits beyond the delays set forth by the legislature. *See State v. Daigle*, 593 So.2d 676, 677 (La. App. 3 Cir. 1991), *writ denied*, 604 So.2d 980 (La. 1992).

However, relator asserts that his original APCR was filed with the district court on December 13, 2021. In support of his claim, relator submitted to this Court a copy of his Offender's Request for Legal/Indigent Mail which is signed

---

[1] Relator was sentenced to an additional five years to run consecutively to the armed robbery sentence because of the use of a firearm in commission of the armed robbery pursuant to La. R.S. 14:64.3. On appeal, this Court found that the district court erred by enhancing the sentence under La. R.S. 14:64.3 because the State failed to provide written notice and include the enhancement in the indictment. As such, this Court vacated the sentencing enhancement of five years and remanded for correction of the uniform commitment order. *Smith*, 293 So.3d at 742-43.

2

by a classification officer, dated December 13, 2021, and bears a hand-written notation stating, "Post Conviction Application." Relator also included a copy of his original, unstamped APCR, which includes a certificate of service signed and dated by relator on December 13, 2021. According to relator, after an unspecified period of time had passed without a ruling from the district court with respect to his APCR filed on December 13, 2021, his family members contacted the Clerk of Court for the 29th Judicial District Court and were advised that relator did not have a pending application with the district court. In addition, relator maintains that the "district court suggested relator resubmit his APCR." Thus, in relator's view, his APCR was timely filed when he first turned over his APCR to prison officials for mailing on December 13, 2021.

When relator filed his APCR with the district court on March 21, 2024, it does not appear that he informed the district court that he was resubmitting his original APCR nor did he include a copy of his Offender's Request for Legal/Indigent Mail, dated December 13, 2021. Thus, for all that appears, the district court was unaware that relator had previously attempted to file his APCR in a timely fashion.

*Pro se* filings are subject to less stringent standards than formal pleadings filed by lawyers. *State ex. rel. Egana v. State*, 00-2351 (La. 9/22/00), 771 So.2d 638. A *pro se* petitioner is not to be denied access to the courts for review of his case on the merits by the overzealous application of form in pleading requirements or hyper-technical interpretations of court rules. *Id.* The Supreme Court, in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988)*, noted the "unique circumstances" of the *pro se* inmate, finding that unlike other litigants, "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise." As such, for the purpose of determining timeliness, the actual date of filing for

3

pleadings filed by inmates is the date the pleading is delivered to the prison authorities. *See Houston v. Lack*, *supra*; *State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95), 648 So.2d 909; *State v. Cepriano*, 22-77 (La. App. 5 Cir. 3/30/22), 337 So.3d 999, 1002 n.3.

In *Stoot v. Cain*, 570 F.3d 669 (5th Cir. 2009), the Fifth Circuit applied the principle of *Houston v. Lack* to a *pro se* inmate pleading that purportedly never reached the intended recipient. Stoot, a Louisiana inmate, claimed to have filed a *pro se* writ application with the supreme court after the third circuit denied his writ application seeking review from the district court's ruling denying his APCR, but the supreme court never received the filing. *Stoot*, 570 F.3d at 670-71. Stoot asked a relative to investigate after he failed to receive confirmation as to whether his filing had been received. *Id.* at 671. When the relative discovered that Stoot's writ application was never received, Stoot filed a second writ application that the supreme court "denied." Stoot subsequently filed a federal *habeas corpus* petition that the district court dismissed as untimely. *Id.* at 670-71.

On appeal, the Fifth Circuit considered whether Stoot had timely filed his writ application in state court, thereby tolling the period of limitation on his federal *habeas* petition. *Id.* In support of his claim, Stoot presented an Inmate's Request for Legal/Indigent Mail as evidence that he had mailed an earlier writ application that the supreme court had not received. *Id.* at 671. The Fifth Circuit concluded that Louisiana would apply the prison mailbox rule even when the timely pleading was never received by the state court. *Id.* Specifically, the Fifth Circuit found:

> [A] pro se prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, regardless of whether the pleading actually reaches the court. Under such a rule, it is of course incumbent upon the petitioner to diligently pursue his petition. A failure to inquire about a lost petition is strong evidence that the petition was, in fact, never sent.

*Id.* at 672. In doing so, the Fifth Circuit reasoned that "reference to prison mail logs usually answers the question of when the petition was actually mailed" but concluded in Stoot's case that "we are ill-equipped to determine whether Stoot's allegations are true." *Id.* Accordingly, the Fifth Circuit reversed and remanded Stoot's case to the district court for a factual inquiry into whether Stoot submitted a timely petition.

In the instant case, relator's APCR filed with the district court on March 21, 2024, standing alone, appears to be time-barred. However, like the scenario presented in *Stoot, supra*, relator has submitted an Offender's Request for Legal/Indigent Mail, dated December 13, 2021, as evidence of his earlier filing. Relator also sought assistance from a family member to inquire as to whether his APCR had been ruled upon by the district court. Although the timing of the inquiry is unclear, after learning that the APCR had never been received, relator subsequently filed another APCR with the district court. We find relator's case warrants a determination by the district court as to whether relator's original APCR was timely filed under the mailbox rule. *See Houston v. Lack, supra*.

## **DECREE**

Accordingly, for the reasons stated herein, this writ application is granted. We reverse the district court's judgment that denied relator's APCR, and remand this matter to the district court for consideration as to whether relator's original APCR was timely.

Gretna, Louisiana, this 10th day of June, 2024.

**FHW**
**JGG**
**SUS**

5

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **06/10/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KH-198

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Honorable M. Lauren Lemmon (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

Jerel Smith #170560 (Relator)

Louisiana State Penitentiary
Angola, LA 70712

Hon. Joel T. Chaisson, II (Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1.

Hon. Joel T. Chaisson, II
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057
24-KH-198                    06-10-24

9590 9402 2434 6249 3569 72

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7783

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Lynda Troxler*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

*Lynda Troxler*  6/13/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt