QUVADIAS RUFFIN

VERSUS

STATE OF LOUISIANA

NO. 24-KH-511

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 19, 2024

Linda Wiseman
First Deputy Clerk

---

**IN RE** QUVADIAS RUFFIN

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 11-3134

---

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Timothy S. Marcel

## WRIT GRANTED FOR LIMITED PURPOSE; MATTER REMANDED

Relator, Quvadias Ruffin, filed a *pro se* writ application, seeking review of the district court's September 7, 2023 judgment denying his application for post-conviction relief ("APCR"). For the following reasons, we grant the writ application and remand the matter to the district court.

On July 26, 2012, a unanimous jury convicted relator of one count of convicted felon with a firearm and one count of armed robbery. This Court affirmed relator's convictions and sentences in 2013, and the Louisiana Supreme denied relator's writ application in 2014. *State v. Ruffin*, 13-393 (La. App. 5 Cir. 12/12/13), 131 So.3d 330, *writ denied,* 14-0066 (La. 6/13/14), 140 So.3d 1194.

Relator's APCR is based on an assertion of factual innocence. The instant APCR was filed in the district court on September 1, 2023. Relator's APCR filed on that date contains an affidavit and a certificate of service dated December 16, 2022. On September 7, 2023, the district court denied relator's APCR as untimely and thus, procedurally barred. Relator contends his APCR was filed on December 16, 2022, when he placed it with prison officials for transmittal to the district court for filing.

The Louisiana legislature established a filing deadline of December 31, 2022 for post-conviction relief applications which assert first claims of factual innocence. La. C.Cr.P. art. 926.2. In this writ application, relator asserts his APCR was filed before the deadline set forth in La. C.Cr.P. art. 926.2, and contends the

24-KH-511                                    1

district court erred in denying a merits review of his APCR on the grounds that it was filed untimely.

Submitted in support of relator's contention is a copy of his Offender's Request for Legal/Indigent Mail addressed to the 24th Judicial District Court which is dated December 16, 2022. Also submitted is his Offender Funds Withdrawal Request, which bears a handwritten notation stating, "Legal Mail." Further, relator attaches a copy of his original, unstamped APCR, which includes relator's affidavit dated December 16, 2022, bearing his signature and the notary's signature. It also contains a certificate of service signed and dated by relator on December 16, 2022.

Relator's writ application states he re-filed his APCR, dated December 16, 2022, on September 1, 2023 after receiving notice that the trial court denied his request to supplement the original APCR filing. Specifically, relator explains the district court ruled on July 19, 2023 to deny his supplemental pleadings because the relator's APCR was never filed in the district court.

*Pro se* filings are subject to less stringent standards than formal pleadings filed by lawyers. *State ex rel. Egana v. State*, 00-2351 (La. 9/22/00), 771 So.2d 638. In *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), the Supreme Court noted the "unique circumstances" of the *pro se* inmate, finding that unlike other litigants, "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise." As such, for the purpose of determining timeliness, the actual date of filing for pleadings filed by inmates is the date the pleading is delivered to the prison authorities. *Id.*; *See also: State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95), 648 So.2d 909; *Shelton v. Louisiana Dep't of Corr.*, 96-0348 (La. App. 1 Cir. 2/14/97), 691 So.2d 159.

In *Stoot v. Cain*, 570 F.3d 669 (5th Cir. 2009), the United States Fifth Circuit applied the principle of *Houston* to a *pro se* inmate's writ application that purportedly never reached the intended recipient. Stoot, a Louisiana inmate, claimed to have filed a *pro se* writ application with the Louisiana Supreme Court after the appellate court denied his writ application from the district court's ruling denying his APCR. *Stoot*, 570 F.3d at 670–71. A relative acting on Stoot's behalf discovered his writ application was never received by the Louisiana Supreme Court. *Id.* Stoot then filed a second writ application, which the Supreme Court "denied" as untimely. *Id.* Thereafter, Stoot filed a federal *habeas corpus* petition, which the district court dismissed as untimely. *Id.*

On appeal from the dismissal of Stoot's petition for *habeas corpus*, the United States Fifth Circuit considered whether his writ application was timely filed in state court, thereby tolling the period of limitation on his federal *habeas* petition. *Id.* In support of his claim, Stoot presented an Inmate's Request for Legal/Indigent Mail as evidence that he had mailed an earlier writ application that the Supreme Court had not received. *Id.* at 671. The Fifth Circuit applied the prison mailbox rule to Stoot's state court filing, finding:

> [A] pro se prisoner's pleading is deemed filed on the date that the prisoner submits the pleading to prison authorities to be mailed, regardless of whether the pleading actually reaches the court. Under such a rule, it is of course incumbent upon the petitioner to diligently

pursue his petition. A failure to inquire about a lost petition is strong
evidence that the petition was, in fact, never sent.

*Id.* at 672.  In doing so, the Fifth Circuit reasoned that "reference to prison mail
logs usually answers the question of when the petition was actually mailed" but
concluded in Stoot's case that "we are ill-equipped to determine whether Stoot's
allegations are true." *Id.*  Accordingly, the Fifth Circuit reversed and remanded
Stoot's case to the district court for a factual inquiry into whether Stoot submitted a
timely petition.

In the present case, relator's APCR filed with the district court on September
1, 2023 appears untimely.  However, like the scenario presented in *Stoot,* relator
has submitted an Offender's Request for Legal/Indigent Mail, dated December 16,
2022, as evidence of his earlier filing. On the showing made, we find relator's case
warrants a determination by the district court as to whether relator's original APCR
was timely filed in accordance with La. C.Cr.P. art. 926.2's December 31, 2022
deadline under the mailbox rule. *See Houston*, 487 U.S. 266.

Accordingly, we grant relator's writ application, reverse the district court's
judgment that denied relator's APCR, and remand this matter to the district court
for the limited purpose of determining whether relator's APCR was in fact timely
and, if so, we direct the district court to rule on the merits of relator's APCR.

Gretna, Louisiana, this 19th day of November, 2024.

**TSM**
**FHW**
**JJM**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/19/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-511**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Quvadias Ruffin #412085 (Relator)
Louisiana State Penitentiary
Angola, LA 70712